OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

The State of Ohio, Appellant, v. Gill, Appellee.
City of Sylvania, Appellee, v. Robinson, Appellant.
[Cite as State v. Gill (1994),    Ohio St.3d    .]
Motor vehicles -- Operating a motor vehicle while under the influence of alcohol -- Interpretation of the word "operate" as that term is used in R.C. 4511.19 -- Intoxicated person in driver's seat of parked vehicle with key in ignition and engine not running is in violation of R.C. 4511.19(A)(1) and (3).

---

A person who is in the driver's seat of a motor vehicle with the ignition key in the ignition and who, in his or her body has a prohibited concentration of alcohol, is "operating" the vehicle within the meaning of R.C. 4511.19 whether or not the engine of the vehicle is running. (State v. Cleary [1986], 22 Ohio St.3d 198, 22 OBR 351, 490 N.E.2d 574; State v. McGlone [1991], 59 Ohio St.3d 122, 570 N.E.2d 1115, applied and followed.)

---

(Nos. 93-1098 and 94-38 --- Submitted May 10, 1994 -- Decided August 31, 1994.)

Certified by the Court of Appeals for Franklin County, No. 92AP-945.

Certified by the Court of Appeals for Lucas County, No. L-93-197.

Case No. 93-1098

The relevant facts of this case are not in dispute. In March 1992, appellee, Bradley A. Gill, was found sleeping in the driver's seat of his motor vehicle by two police officers. At the time, the vehicle was parked in an Ohio State University parking lot with the radio on and the ignition key in the ignition. The key was turned to the "ACC" position, which was the opposite direction than that required to start the engine. After submitting to a variety of field sobriety tests, Gill was placed under arrest. He was taken to the Ohio State University police station and given a breath test, which resulted in a reading of .159.

Gill was charged, inter alia, with having a prohibited

concentration of alcohol in his body in violation of R.C. 4511.19(A)(3). Gill entered a plea of not guilty in the Franklin County Municipal Court and, following a bench trial, was found guilty of the offense. He was sentenced and fined.

Upon appeal, the Court of Appeals for Franklin County reversed the judgment of the trial court. The court of appeals held that Gill was not "operating" a motor vehicle within the meaning of R.C. 4511.19. Finding its judgment to be in conflict with the judgment of the court of appeals in State v. Clark (Oct. 8, 1991), Gallia App. No. 90CA25, unreported, the court of appeals certified the record of the case to this court for review and final determination.

Case No. 94-38

On December 14, 1992, two park rangers found appellant, Noble Robinson, in his motor vehicle parked at the Secor Metropark, Lucas County, Ohio. Robinson was in the driver's seat of his vehicle slumped over the steering wheel and had passed out. The ignition key to the vehicle was in the ignition, but the motor was not running. Robinson was taken to the Ohio State Highway Patrol station. A breath test was administered to Robinson and resulted in a reading of .192.

Robinson was charged in the Sylvania Municipal Court with operating a motor vehicle while intoxicated in violation of R.C. 4511.19(A)(1) and (3). Subsequently, Robinson filed a motion to dismiss the charges against him, alleging that he did not "operate" his motor vehicle. Following a hearing, the trial court denied Robinson's motion to dismiss. Subsequently, Robinson entered a plea of no contest and was found guilty of the offenses. He was then sentenced and fined.

Upon appeal, the Court of Appeals for Lucas County affirmed the judgment of the trial court. Finding its judgment to be in conflict with the judgment of the court of appeals in State v. Gill (Dec. 8, 1992), Franklin App. No. 92AP-945, unreported, the court of appeals certified the record of the case to this court for review and final determination.

Case Nos. 93-1098 and 94-38 have been consolidated for purposes of final determination.

Ronald J. O'Brien, City Attorney, David M. Buchman, City Prosecutor, and Brenda J. Keltner, Assistant City Prosecutor, for appellant in case No. 93-1098.

Daniel J. Igoe, for appellee in case No. 93-1098.

Robert A. Pyzik, Chief Prosecutor, for appellee in case No. 94-38.

Mollenkamp & Fisher and John B. Fisher, for appellant in case No. 94-38.

Daniel D. Connor Co., L.P.A., and Daniel D. Connor, urging affirmance for amicus curiae, Central Ohio Association of Criminal Defense Lawyers, in case No. 93-1098.

Douglas, J.    The principal issue presented by these cases involves an interpretation of the word "operate," as that term is used in R.C. 4511.19. Specifically, we are asked to determine whether a person can be found in violation of R.C. 4511.19(A)(1) and (3) where the person is found intoxicated and in the driver's seat of a parked vehicle with the ignition key in the ignition and the vehicle's engine not running.

R.C. 4511.19(A)(1) and (3) provide: "No person shall operate any vehicle, streetcar, or trackless trolley within this state, if any of the following apply: (1) The person is under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse; * * *. (3) The person has a concentration of ten-hundredths of one gram or more by weight of alcohol per two hundred ten liters of his breath[.]" (Emphasis added.)

In State v. Cleary (1986), 22 Ohio St.3d 198, 22 OBR 351, 490 N.E.2d 574, paragraphs one and two of the syllabus, this court held that:

"1. Operation of a motor vehicle within the contemplation of R.C. 4511.19(A) is a broader term than driving and a person in the driver's position in the front seat of the vehicle with the key in the ignition while under the influence of alcohol or any drug of abuse can be found in violation of the statute.

"2. Entering a motor vehicle, putting the key in the ignition and starting and engaging the engine in a stationary position are sufficient acts to constitute operation within the meaning of R.C. 4511.19(A)(1)." (Emphasis added.)

In Cleary, the defendant had parked his automobile in the parking lot of a King Kwik store. He was found asleep in the driver's seat with the motor running. We held that the defendant's conduct was proscribed by R.C. 4511.19(A)(1) and stated that:

"While this section deals with the prohibition against driving while under the influence and much of the literature and discussion on the subject refer to 'driving,' that word and 'operating' are not synonymous. This statute has been reviewed and amended over the years and the General Assembly continues to adhere to the word 'operate.' Therefore, the prohibition contained in the statute is against 'operating' a vehicle while under the influence, not merely 'driving' it. The term 'operating' encompasses a broader category of activities involving motor vehicles than does 'driving.' Many jurisdictions have found that a person may operate a vehicle even though the vehicle is not moving. Operation of a motor vehicle within the contemplation of the statute is a broader term than mere driving and a person in the driver's position in the front seat with the ignition key in his possession indicating either his actual or potential movement of the vehicle while under the influence of alcohol or any drug of abuse can be found in violation of R.C. 4511.19(A)(1)." (Emphasis added.) Id. at 199, 22 OBR at 352, 490 N.E.2d at 575.

Similarly, in State v. McGlone (1991), 59 Ohio St.3d 122, 570 N.E.2d 1115, syllabus, we held that "[a]n intoxicated person who is in the driver's seat of a motor vehicle parked on private or public property with the key in the ignition is operating the vehicle in violation of R.C. 4511.19(A)(1)." (Emphasis added.) The defendant in McGlone was found asleep behind the wheel of his car with the motor running in a driveway of a private residence. We concluded that the trial court erred in granting the defendant's motion to dismiss and reasoned that: "R.C. 4511.19 is not only directed to those who drive on public streets. It prohibits the operation of a motor vehicle anywhere in the state while the driver is under the influence of drugs or alcohol. We agree with the dissent's observation in the court of appeals that: '[i]f you are under

the influence [of alcohol or drugs], don't drive or put yourself in a position of control of a vehicle. If you do, you pay the penalty.'" Id. at 124, 570 N.E.2d at 1117.

Gill (case No. 93-1098) and Robinson (case No. 94-38) propose that Cleary and McGlone are distinguishable from their situations in that the defendants in Cleary and McGlone were found in their vehicles with the engines running. Gill and Robinson suggest that such a distinction is critical and, based on the fact that the engines to their vehicles had not been started, they could not have violated R.C. 4511.19.

Gill and Robinson have applied an improper reading of Cleary and McGlone. Those decisions were intended to establish that if a person is found intoxicated in the driver's seat of a parked vehicle with the ignition key in the ignition, the person is guilty of violating the statute. Our holdings in Cleary and McGlone were never intended to require the state to prove that the defendant had started the vehicle's engine after consuming alcohol or that the engine was running at the time the defendant is apprehended. A clear purpose of R.C 4511.19 is to discourage persons from putting themselves in the position in which they can potentially cause the movement of a motor vehicle while intoxicated or under the influence of any drug of abuse. Accord Cleary and McGlone, supra. Prohibition of potentially harmful conduct need not await occurrence of the act. As we, in effect, held in Cleary, the intent of the legislature in enacting strong legislation involving drinking and driving was to say, "If you drink -- do not drive. If you drive -- do not drink!" The cases from this court on the subject have, for good reason, carried out this legislative intent.

The gravity of the problem of driving while intoxicated is revealed by the number of needless tragic injuries and deaths that occur annually on the roadways in this state. Accordingly, we hold that a person who is in the driver's seat of a motor vehicle with the ignition key in the ignition and who, in his or her body has a prohibited concentration of alcohol, is "operating" the vehicle within the meaning of R.C. 4511.19 whether or not the engine of the vehicle is running.

Turning to the specific cases before us, it makes no difference that the engines of the motor vehicles were not running. In each case, the defendant was intoxicated and in the driver's seat of his vehicle with the key in the ignition. That being so, Gill and Robinson were in violation of the statute. Cleary and McGlone, supra.

As a final matter, Gill (case No. 93-1098) contends that the officers did not have sufficient articulable facts to justify an investigative inquiry and to eventually arrest him. Although this issue was raised in the court of appeals, the appellate court found that the issue was moot, given its determination that Gill was not operating his vehicle within the meaning of the statute. However, given our findings supra, it is appropriate for us to now consider this issue.

We find that the trial court did not err in determining that the officers, under the circumstances, were warranted in investigating the situation and, based on their investigation, to arrest Gill. The record supports such a conclusion. While on foot patrol at approximately 1:00 a.m. in an Ohio State

University parking lot, the officers noticed a vehicle parked with its headlights lit,1 the radio on and Gill asleep in the driver's seat.  The officers also noticed a strong odor of alcohol emanating from Gill.  He was awakened, given a variety of field sobriety tests and then arrested.  Under these circumstances, the officers' initial investigation was reasonable and the arrest proper.

Based on the foregoing, in case No. 93-1098, we reverse the judgment of the court of appeals.  We affirm the judgment of the court of appeals in case No. 94-38.

Judgments accordingly.

Moyer, C.J., A.W. Sweeney, Reader and F.E. Sweeney, JJ., concur.

Wright and Pfeifer, JJ., dissent.

W. Don Reader, Jr., J., of the Fifth Appellate District, sitting for Resnick, J.

FOOTNOTE:
1    Gill contests the police officers' assertion that the headlights to his vehicle were on.

Pfeifer, J., dissenting.  The result in this case illustrates that this court has gone too far in defining what constitutes operation of a motor vehicle for purposes of Ohio's drunk driving statute.  Here, Bradley Gill did drink too much -- but that in itself is not a crime.  His actions after drinking too much were responsible, and there is room under R.C. 4511.19 for someone who acts responsibly to avoid being charged with a crime.  There is not enough room under R.C. 4511.19, especially given our rules of statutory construction of criminal laws, to allow for the summary conviction of a person for dozing in a parked car.

"Generally, each 'drunken driving' case is to be decided on its own particular and peculiar facts." (Emphasis sic.) Mentor v. Giordano (1967), 9 Ohio St. 2d 140, 146, 38 O.O.2d 366, 370, 224 N.E.2d 343, 348.  The majority's decision moves Ohio law further away from that seemingly unassailable statement.  The majority creates an irrebuttable presumption that if a person is found in the driver's seat of an automobile with the key in the ignition, but the motor is not running, that person violates R.C. 4511.19(A)(3).  Such evidence should create, at most, a rebuttable presumption that a person is operating a vehicle in violation of the statute.

This court recognized that the question of operation is a matter for the trier of fact, even if the automobile's motor is running, in State v. Cleary (1986), 22 Ohio St. 3d 198, 22 OBR 351, 490 N.E.2d 574, when it held, in paragraph one of the syllabus, that "a person in the driver's position in the front seat of the vehicle with the key in the ignition while under the influence of alcohol or any drug of abuse can be found in violation of the statute." (Emphasis added.)  Thus, the Cleary court did not state that such factors must yield a conviction, but only that they can do so.  In the second paragraph of the syllabus of Cleary, this court held that "[e]ntering a motor vehicle, putting the key in the ignition and starting and engaging the engine in a stationary position are sufficient acts to constitute operation within the meaning of R.C. 4511.19(A)(1)." (Emphasis added.)  Again, this court recognized

that such evidence was sufficient to support a conviction, but stopped well short of holding that such evidence compels a conviction.

Only in State v. McGlone (1991), 59 Ohio St.3d 122, 570 N.E.2d 1115, syllabus, did this court adopt, possibly mistakenly, what is essentially an irrebuttable presumption that "[a]n intoxicated person who is in the driver's seat of a motor vehicle parked on private or public property with the key in the ignition is operating the vehicle in violation of R.C. 4511.19(A)(1)." McGlone concerned basically the same facts as Cleary -- a sleeping, intoxicated driver in a vehicle with its motor running -- except that it took place on private property. Instead of simply expanding Cleary to apply to similar instances which occur on private property, the very short McGlone opinion, which cites only Cleary as authority, perhaps inadvertantly makes the overbroad statement that the majority feels bound by in this case. McGlone should be modified to be consistent with Cleary, and to hold that such acts are sufficient evidence to support a conviction under the statute.

This court should not lose sight of the intent of Ohio's drunk driving statutes. They are at heart quite clearly designed to keep the state's roadways safe from intoxicated drivers. As this court held in Giordano:

"The primary purpose of statutes and ordinances making it an offense to operate a motor vehicle while under the influence of intoxicating liquor is to protect the users of streets and highways from the hazard of vehicles under the management of persons who have consumed alcoholic beverages to such an extent as to appreciably impair their faculties." Id. at paragraph five of the syllabus.

The majority makes the oft-repeated statement that "operation of a motor vehicle within the contemplation of the statute is a broader term than mere driving." This court has never defined, however, how broad the term "operation" is or what factors should be considered to determine its breadth. Since the obvious intent of the statute is to keep intoxicated drivers off the roadway, the definition of "operation" ought to reflect that. For purposes of the statute, operating a motor vehicle should include driving, attempting to drive, or possessing an immediate intent to drive a motor vehicle.

Consistent with Cleary, evidence of a key in the ignition with the motor running could certainly be sufficient to prove operation, e.g., that the person did drive or possessed an immediate intent to drive the motor vehicle. A key in the ignition should rise to the level of a rebuttable presumption of operation. Other factors relevant to operation could include whether the motor is running, whether the person is asleep or awake, and the location of the vehicle, including all the circumstances relating to how it arrived there. See Hiegel v. State (Ind. App. 1989), 538 N.E.2d 265.

Triers of fact should have determined the question of operation in both of these companion cases. Bradley Gill did have his key in the ignition of his car. However, he was asleep behind the wheel, his motor was not running, and the automobile was in the same place he had parked it before he visited the bars in the area. Gill was with friends, and it is

possible that they could have testified that he returned to the car to sleep and to wait for the designated driver in the group to drive him home.

Noble Robinson was also found intoxicated with his key in the ignition of his vehicle. He was asleep and his motor was not running. There was no evidence which corroborated Robinson's claim that he was sober when he drove into Secor Metropark.

The outcomes of these two cases might be quite different from each other were they to go to juries. Certainly each defendant deserves the chance to rebut the presumption that they either were driving while intoxicated or had the immediate intent to do so.

As we interpret drunk driving statutes, we must keep in mind that we are interpreting criminal statutes. The rule of statutory construction is that criminal statutes shall be construed against the state and liberally construed in favor of the accused. R.C. 2901.04(A). Certainly, the majority does not follow that statutory mandate. Also, "[a] criminal statute must be sufficiently definite to give notice of the required conduct to one who would avoid its penalties * * *." Boyce Motor Lines v. United States (1952), 342 U.S. 337, 340, 72 S. Ct. 329, 330, 96 L.Ed. 367, 371. R.C 4511.19 certainly is not sufficiently definite to inform people that they may not listen to their car radio while intoxicated, when they possess no immediate intent to drive the vehicle. Drunk driving is a "hot button" issue, but not so hot that the rules of statutory construction do not apply to intoxicated persons.

Under today's majority decision, coupled with the decision in McGlone, the following scenario can occur: A married couple has the neighbors over for a barbecue. Everyone enjoys a few cold alcoholic beverages with dinner. The wife looks at her watch, and realizes that the Indians game has probably reached the ninth inning. A rabid fan, she runs to the car, which is parked in her own driveway, and turns the ignition key to activate the car radio. She sits on the driver's seat as Herb Score describes the game-winning home run: "It's going, going, gone!" She turns and sees her reflection in the sunglasses of the dutiful city police officer as he says,"You're gone too, ma'am -- to the slammer!"

The legislature's intent was to deter and to punish drunk drivers, not to punish drunk radio listeners, or people who use their cars as a four-wheeled, heated hotel room. The question of operation under the drunk driving statute ought to be a jury question of whether the accused was, or intended to be, a driver.

It is clear that we cannot depend on prosecutors to prosecute only in those instances when the defendant is thought to have recently driven or is about to drive. The assistant prosecutor in the Gill case admitted that she would prosecute a drunk driving charge even if she were certain that the automobile had not been driven by the intoxicated person. That seems to me to be highly inappropriate prosecutorial discretion. It is evident that some prosecutors do not care about enforcing the spirit of the statute, but are merely concerned with getting convictions.

Prohibition is over. It is not illegal to purchase

alcohol, or to drink it to excess, as long as you do not infringe on the rights of others.  Under today's decision, you are just as guilty if you decide to "sleep it off" for the night as you are if you try to drive home.  The choice for intoxicated people, then, is whether to be a "sitting duck" in an area highly patrolled by police, or to be a moving target.  Unfortunately for all of us, many people will choose to take to the highway.

Wright, J., concurs in the foregoing dissenting opinion.