DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant Patricia Connolly has appealed from her conviction in the Wadsworth Municipal Court of driving while under the influence of alcohol, a violation of Section 4511.19(A)(1) of the Ohio Revised Code. She has argued that the trial court incorrectly denied her motion for acquittal pursuant to Rule 29 of the Ohio Rules of Criminal Procedure.[1] This Court affirms the judgment of the trial court because defendant's conviction was supported by sufficient evidence.
 I.
On October 31, 1996, defendant and a friend were riding in the friend's pickup truck in Medina County. Apparently, defendant and her friend were close, such that defendant thought of him as her father and often called him that. As the pair were traveling in Wadsworth, the truck ran out of gas. The truck was coasted into the lot of a nearby service station.
Defendant entered the building and acted "very disturbed." The manager approached her and asked if she needed assistance. She wanted to know where to find a pay telephone, and the manager showed her a telephone outside. Defendant went to the telephone, then came back inside. The manager again asked if she could help, and defendant told her that the truck in which she and her friend had been riding had run out of gas and that her friend had suffered a stroke.
The manager of the service station asked if she should call the paramedics, but defendant told her no, then "walked around [the] store thinking a little bit more." She next went back outside to check on her friend. According to the manager, defendant smelled of alcohol. She came back inside, "acted real dazed again," and asked for a telephone book. She started to flip through it, but told the manager that she could not remember the name of the person she was calling. The manager asked again if she could help, and defendant allegedly said: "What you can do is find my father a girlfriend so I don't have to drive him around anymore[.]"
According to the manager and a cashier working at the service station, the other occupant of the pickup truck was sitting in the passenger seat. The manager testified that that occupant "just stared at [defendant] blankly." The manager was not sure if he was having a stroke, so she called 911 for assistance.
A deputy from the Medina County Sheriff's Department arrived at the scene. He knew both defendant and her friend. According to the deputy, he thought that defendant was "under the influence of alcohol." He conducted a field sobriety test, and she failed it. He also checked on the man in the pickup truck and concluded that he was not suffering a stroke.
Defendant was arrested for driving under the influence of alcohol. She pleaded not guilty and was brought to trial on January 7, 1997. She stipulated that she had been drinking and was under the influence at the time of her arrest. She asserted, however, that she had not been operating the vehicle and that, therefore, she could not be found guilty of driving while under the influence. She testified that her friend was driving when they ran out of gas. When the pickup truck had stopped, she entered the building while he moved to the passenger seat. Her friend also testified that he had been driving the truck that day. The trial court found defendant and her friend to be not credible. The trial court noted that, although defendant's friend stated during trial that he was the driver of the truck, he had told the investigating deputy at the scene that he had not been driving. It chose, therefore, to believe the testimony of the manager of the service station, the cashier, and the investigating deputy rather than the testimony of defendant and her friend.
The trial court concluded that the State had proven its case beyond a reasonable doubt and found defendant guilty of driving while under the influence of alcohol. Defendant timely appealed to this Court.
 II.
Defendant's assignment of error is that the trial court incorrectly denied her motion for acquittal pursuant to Rule 29 of the Ohio Rules of Criminal Procedure. She has argued that the State did not present sufficient evidence to show that she had been operating the vehicle. Essentially, she has asserted that no evidence was presented to place her in the driver's seat, that she did not have the keys to the vehicle on her when she was arrested, and that both she and her friend testified that he had been driving. Accordingly, she has argued, the judgment of the trial court should be reversed.
Rule 29(A) of the Ohio Rules of Criminal Procedure provides that a trial court "shall order the entry of a judgment of acquittal of one or more offenses charged * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." To determine whether the evidence before a trial court was sufficient to sustain a conviction, an appellate court must view that evidence in a light most favorable to the prosecution:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
In this case, defendant was convicted of violating Section4511.19(A)(1) of the Ohio Revised Code, which provides, in pertinent part: "No person shall operate any vehicle * * * if any of the following apply: (1) The person is under the influence of alcohol[.]" There was sufficient evidence before the trial court for a rational trier of fact to find the essential elements of the crime proven beyond a reasonable doubt.
Defendant stipulated that she was under the influence. The only issue, therefore, was whether she had been operating the vehicle. "Operation" of a motor vehicle is a broad term and includes, at the very least, driving and those activities that place a person in control of a vehicle. See State v. Gill (1994),70 Ohio St.3d 150, 153-54.
The manager of the service station testified that, after she asked if she should call for help, defendant stated that the manager should "find my father a girlfriend so I don't have to drive him around anymore[.]" That remark suggested that defendant had been driving the person accompanying her around and had driven him to the service station that day. In addition, the manager, the cashier at the service station, and the Sheriff's deputy all testified that defendant's friend was seated in the passenger side of the pickup truck. A trier of fact could have found that he had been in the passenger seat when they pulled into the service station and that defendant was operating the vehicle. Accordingly, defendant's assignment of error is overruled.
 III.
Defendant's assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Medina Wadsworth Municipal Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _____________________________ CLAIR E. DICKINSON
FOR THE COURT
SLABY, P. J.
BAIRD, J.
CONCUR.
[1] Although defendant raised two assignments of error, she asserted essentially the same proposition in each: that the judgment of the trial court was not supported by sufficient evidence. In addition, she did not argue her two assignments of error separately, condensing them into one argument in her brief. Her assignments of error have, therefore, been consolidated by this Court.