OPINION
Appellant, Charles M. Andrews, appeals his conviction by the Willoughby Municipal Court for driving under the influence of alcohol and/or drugs.
At approximately 4:00 a.m. on the morning of January 16, 1998, Patrolman Charles Tercek ("Tercek" or "Patrolman Tercek"), who is a police officer working for the city of Kirtland, was dispatched to scene of a possible abandoned vehicle located on State Route 6, in the city of Kirtland. Upon arriving at the location and observing that a G.M.C. pickup truck occupied the side of the westbound lane of Route 6, Tercek approached the vehicle and witnessed appellant sitting in the front side passenger's seat with the passenger door open and his feet hanging outside the vehicle. Tercek also observed that the right front tire of the vehicle was shredded and that there was a broken coffee cup and keys on the roadway at the feet of appellant.
Patrolman Tercek then asked appellant what happened. Appellant responded that he broke his cup and he did not know how to fix it. When asked for his identification, appellant stated that he did not have any and denied driving the truck. At this point, Tercek observed an odor of alcohol stemming from appellant and asked him some questions concerning who was driving and whether there were any people with him. To those questions, appellant admitted to drinking alcoholic beverages and stated that there were no other people in the vehicle and no one had gone for help. Appellant also stated that he had not been driving. From his interaction with appellant, Tercek noticed that he was confused and his speech was slurred.
Subsequent to his observations, Tercek administered the alphabet and the one-legged stand field sobriety tests, which appellant failed. In regard to the alphabet test, appellant was unable to recite the letters after "Q." Appellant also failed the one-legged stand test because after two attempts, he was unable to stand on one foot and count to ten. Patrolman Tercek then placed appellant under arrest for driving under the influence of alcohol and/or drugs, in violation of R.C. 4511.19(A)(1). After his arrest, appellant refused to take a breathalyzer test and would not answer any more questions concerning the event, other than his name, telephone number, and address.
At his initial appearance, appellant entered a plea of not guilty. On February 24, 1998, appellant filed a motion to suppress the evidence on the basis that there was no probable cause for his arrest. The magistrate held a hearing on the motion to suppress, and on March 24, 1998, recommended that the motion be overruled.[1] The trial judge adopted the magistrate's recommendations and overruled appellant's motion to suppress in a judgment entry dated March 31, 1998.
On April 1, 1998, appellant filed objections to the magistrate's recommendations. The trial court overruled appellant's objections on April 8, 1998. In a document filed with the court on April 17, 1998, both parties stipulated to certain facts in order that the trial judge could decide the merits of the case without a trial. The stipulated facts included copies of Tercek's arrest and incident report forms and the sworn testimony provided by him at the suppression hearing held before the magistrate on March 3, 1998. Based on the stipulated evidence, the trial court found appellant guilty of the offense as charged in a judgment entry dated April 21, 1998. The trial court sentenced appellant on May 14, 1998.
The instant appeal was filed on June 9, 1998. Appellant now advances the following assignments of error:
 "[1.] The trial court erred when it denied [appellant's] motion to suppress all evidence obtained after he was arrested without probable cause.
 "[2.] The judgment of the trial court is not supported by sufficient evidence.
 "[3.] The trial court violated appellant's right to due process when it failed to conduct a de novo [sic.] review of the magistrate's decision."
 In his first assignment of error, appellant contends that Patrolman Tercek did not have probable cause to arrest him for a violation of R.C. 4511.19(A)(1). Thus, appellant claims that the trial court erred when it overruled his motion to suppress all evidence obtained after he was arrested.
The pertinent portion of R.C. 4511.19 states the following:
 "(A) No person shall operate any vehicle, streetcar, or trackless trolley within this state, if any of the following apply:
 "(1) The person is under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse; * * *."
 The term "operate" has been consistently defined to include more than merely instances where an individual is actually driving an automobile. State v. Zielke (June 27, 1997), Lake App. No. 96-L-156, unreported, at 5. Indeed, "an intoxicated person sitting in the driver's seat of a stationary vehicle, depending on the facts and circumstances of a particular case, can be found in violation of R.C. 4511.19." Id.
Ohio case law demonstrates that a person will be found operating a motor vehicle in violation of R.C. 4511.19 when he or she is illegally intoxicated and is discovered sitting in the driver's seat of an automobile with keys in the ignition. Statev. Gill (1994), 70 Ohio St.3d 150, syllabus; State v. McGlone
(1991), 59 Ohio St.3d 122, syllabus; State v. Cleary (1986),22 Ohio St.3d 198, paragraph one of the syllabus. Furthermore, inGill, the Ohio Supreme Court declared that such conviction will stand even when the vehicle's engine is not running. 70 Ohio St.3d at syllabus. The language of the court's holding in Gill
reads as follows:
 "A person who is in the driver's seat of a motor vehicle with the ignition key in the ignition and who, in his or her body has a prohibited concentration of alcohol, is `operating' the vehicle within the meaning of R.C. 4511.19 whether or not the engine of the vehicle is running." Id.
 This court has previously analyzed the decisions of the supreme court and concluded that "the Ohio Supreme Court [has] established a bright line test which confines `operation' of a parked vehicle within the meaning of R.C. 4511.19 to those instances in which the key is in the ignition." State v. Gengler (Aug. 13, 1993), Portage App. No. 92-P-0107, unreported, at 5. We further stated, "this bright line test extends only to those instances where the offender is found in the driver's seat * * *." Id.
In the instant matter, Patrolman Tercek discovered appellant alone in a parked vehicle sitting in the passenger seat with his legs hanging outside the opened front passenger door. Tercek also noticed that although there were not any keys in the ignition of the automobile, there were keys on the roadway at appellant's feet. Finally, appellant apparently smelled of alcohol, was confused, and spoke in a slurred manner.
Under the holdings of Gill, McGlone, and Cleary, these facts are insufficient to permit the conviction of appellant for violating R.C. 4511.19(A)(1). Those cases clearly state that a person, who was not seen actually driving an automobile, may be convicted of violating R.C. 4511.19 only if he or she was illegally intoxicated, discovered in the driver's seat, and the keys were in the ignition. Here, appellant was seen sitting in the passenger's seat and there were no keys in the ignition. Thus, even if appellant was illegally intoxicated, these facts preclude a court from finding that he was in violation of R.C.4511.19(A)(1).
However, before rendering our decision in this matter, we must address appellee's contention that a conviction must be affirmed on the basis of Zielke, supra. Appellee claims that in that case, this court affirmed the conviction of a person who had been found violating R.C. 4511.19(A)(1), even though the police observed him leaning against his car in a bar parking lot, the engine was not running, and his car keys were observed lying on the vehicle's floorboard.
The Zielke case does not mandate that we affirm appellant's conviction in the present matter because, in Zielke, the defendant was discovered sitting in the driver's seat and "the ignition was in the `ON' position suggesting that appellant's [defendant's] vehicle did not need a key in order to operate." Zielke,supra, unreported, at 7. In that case, we determined that a vehicle capable of being operated without a key in the ignition did not require that there, in fact, be a key in the ignition for a conviction under those circumstances pursuant to R.C. 4511.19.Id. at 8. We also indicated that certain vehicles in which the car was manufactured so that it could be started by turning the ignition switch manually to a starting position with the ignition switch set in the "ON" position equated to having a key in the ignition. Id. at 6-8.
In the case sub judice, there is no evidence that appellant's automobile was capable of being operated without a key in the ignition. Also, unlike the defendant in Zielke, appellant was seen sitting in the passenger's seat. Therefore, the holding inZielke does not affect the outcome of this matter. Accordingly, appellant's first assignment is well-founded.
Based upon our conclusion with respect to appellant's first assignment of error, the remaining two assignments of error need not be addressed because appellant has already demonstrated that his conviction must be reversed. Accordingly, appellant's appeal is well-received.
For the foregoing reasons, appellant's first assignment of error is well-taken. Therefore, the judgment of the Willoughby Municipal Court is reversed and judgment is entered for appellant.
PRESIDING JUDGE DONALD R. FORD
CHRISTLEY, J., NADER, J., concur.
[1] We note that this court has previously determined that a magistrate is not empowered under Crim.R. 19(B) to decide a motion to suppress and that an order of reference is error. Statev. Koziol (Aug. 29, 1997), Lake App. No. 96-L-193, unreported, at 9. However, in order to preserve the issue for appeal, appellant was required to either object to the trial court's referral at the outset or to submit written objections on that issue in accordance with Crim.R. 19(C). Id. Appellant's failure to comply with Crim.R. 19(C) constitutes a waiver of this error. This court is of the view that the trial court should observe the mandate ofKoziol regarding this issue, and address suppression motions itself, rather than relying on possible waivers as to order of reference to the court's magistrate.