OPINION
In this accelerated calendar case, appellant, Allan L. Palm, appeals from the judgment of conviction and imposition of sentence rendered by the Ashtabula County Court, Eastern District, for driving under the influence of alcohol. Specifically, appellant challenges the trial court's denial of his motion to suppress evidence related to this drunk driving offense. For the reasons that follow, we affirm the judgment of the trial court.
The facts pertinent to this appeal are as follows. On August 29, 1997, Sergeant George James Williams of the Ohio State Highway Patrol was on routine patrol on State Route 11 in Ashtabula County. At approximately 6:22 p.m., the officer saw a vehicle pulled off the side of the roadway with its 4-way flashers on. Initially believing that the vehicle had some sort of mechanical problem, Sgt. Williams activated the overhead lights of his patrol car and proceeded to the vehicle to offer his assistance.
As the officer approached the vehicle, he noticed appellant sitting behind the wheel with the engine running. Sgt. Williams asked appellant if he was in need of assistance and appellant indicated that he was merely waiting by the side of the road for his son's school bus to drive by so that he could follow it to a football game. During this conversation, Sgt. Williams detected an odor of alcohol and noticed that appellant's eyes were red and glassy. The officer further noted that appellant's speech was slurred. During their conversation, appellant indicated that he was having difficulties talking because his new false teeth were loose.
Sgt. Williams then had appellant exit the vehicle to perform some field sobriety
 tests. Because appellant exhibited signs of an injury to one of his legs, Sgt. Williams administered the horizontal gaze nystagmus ("HGN") test, which, according to the officer, he failed. To confirm the result from the first HGN test, the officer performed a second HGN test that again indicated to the officer that appellant would test with a BAC above .10. Appellant was then given a portable breath test that also indicated that appellant was intoxicated. Based on the result of these tests, the odor of alcohol of appellant's breath, as well as his red, glassy eyes and slurred speech, appellant was placed under arrest and transported to the police station. There, he was given a Breathalyzer test indicating that he had an alcohol concentration of .130 in his breath. He was subsequently cited for driving under the influence of alcohol, in violation of R.C. 4511.19(A)(1); driving with a prohibited concentration of alcohol in his breath, in violation of R.C. 4511.19(A)(3); and improper parking, in violation of R.C. 4511.68. To the above charges, appellant entered an initial plea of not guilty.
On October 17, 1997, appellant filed a motion to suppress arguing that the officer had an insufficient basis for arresting him for drunk driving. A hearing on appellant's motion was held on November 24, 1997, wherein Sgt. Williams testified as to his reasons for arresting appellant as summarized above. The trial court subsequently denied appellant's motion and, on March 9, 1998, he entered a plea of no contest to driving with a prohibited concentration of alcohol in his breath in violation of R.C.4511.19(A)(3). The remaining charges were dismissed. The trial court sentenced appellant to sixty days in jail, fifty days suspended, fined him $400 plus costs, and suspended his license for a one-year period. From this judgment, appellant filed a timely notice of appeal and, in his sole assignment of error, argues that the trial court erred in failing to grant his motion to suppress.
In reviewing appellant's arguments at trial and on appeal, it is apparent that he does not challenge Sgt. Williams' initial decision to investigate why appellant's vehicle was off to the side of the road. He also does not question the officer's decision to administer field sobriety tests. Rather, appellant argues that the officer had insufficient cause to arrest him for drunk driving. We disagree.
Once a lawful stop of a motor vehicle has occurred, probable cause for a criminal arrest exists when "the facts and circumstances within their [the police officer's] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [defendant] had committed or was committing an offense." Beck v. Ohio (1964),379 U.S. 89, 91; see, also, State v. Otte (1996), 74 Ohio St.3d 555,559. When reviewing an officer's decision in making an arrest, a trial court must view the totality of the circumstances in determining whether the probable cause analysis articulated inBeck was satisfied.
In the present case, Sgt. Williams testified that he smelled the odor of alcohol on appellant's breath, noticed that appellant's eyes appeared red and glassy, and that appellant's speech was slurred. Appellant further failed an HGN sobriety test as well as a portable breath test. While appellant may challenge the reliability of all the sobriety tests performed by the officer, the trial court is primarily responsible for determining the credibility of the witnesses and weighing the evidence at a suppression hearing. State v. Maki (Sept. 25, 1998), Trumbull App. No. 97-T-0187, unreported, at 4. An appellate court is bound to accept the trial court's factual determinations so long as they are supported by some competent, credible evidence. Id.
Although we are not attempting to establish a "brightline" rule with respect to the number of field sobriety tests an accused must fail before an arrest for drunk driving is warranted, this court has previously recognized the validity of an arrest in a factual situation similar to the present case. State v. Lawless
(June 25, 1999), Portage App. No. 98-P-0048, unreported, at 8. (Recognizing the propriety of a stop when the arresting officer smelled an odor of alcohol about the defendant and the arrestee failed two field sobriety tests.) Based on the totality of the circumstances leading up to Sgt. Williams' decision to arrest appellant, and giving the proper deference to the trial court's resolution of factual disputes, the trial court did not err in concluding that probable cause existed for appellant's arrest.
Finally, we note that appellant has made some reference to the fact that Sgt. Williams had no evidence to prove that he was "driving" while intoxicated because he was properly parked on the berm of the highway. However, the Supreme Court of Ohio and this court have recognized that an intoxicated person may be convicted of drunk driving merely by sitting in the driver's seat of a parked vehicle with the keys in the ignition. State v. Gill
(1994), 70 Ohio St.3d 150, syllabus; State v. Zielke (June 27, 1997), Lake App. No. 96-L-156, unreported. Appellant was found behind the driver's seat of his automobile with the engine running. This is sufficient to support a conviction for drunk driving. Appellant's assignment of error is without merit.
Based on the foregoing, the judgment of the trial court is affirmed.
 __________________________________________ JUDGE WILLIAM M. O'NEILL
CHRISTLEY, P.J., NADER, J., concur.