Today, I voice my dissent with the Majority knowing full well its obligation to adhere to the law as interpreted by the Ohio Supreme Court. However, we truly missed a golden opportunity to call to the attention of the Ohio Supreme Court the due process violation that occurs when State v. Gill (1994), 70 Ohio St.3d 150, certiorari denied, sub nom. Robinson v. City of Sylvania, Ohio
(1995), 514 U.S. 1023, 131 L.Ed.2d 227, 115 S.Ct. 1371, is applied to cases like this one.
In Gill, the Ohio Supreme Court without reservation held as a matter of law that a person with a prohibitive content of alcohol in his body is operating a vehicle under the drunk driving laws of this state when he is seated in his motor vehicle with the ignition key in the ignition. Under the Gill standard, the totality of the circumstances surrounding the case would be irrelevant when a person is seated in a car with the key in the ignition. Gill in fact creates an irrebuttable presumption of drunk driving when the key is in the ignition.
Justice Pfeifer in his dissent in Gill called for a reevaluation of this rigid legal conclusion. He urged that at all times the Ohio Supreme Court intended the presumption to be rebuttable. A rebuttable presumption would give the fact-finder an opportunity to weigh the driver's explanation. The fact-finder could determine whether the driver operated the vehicle or not by looking to the following factors: was the driver asleep or awake at the time the officer observed him or her; where was the vehicle located; and how did it get to that location. The fact-finder could also determine whether the driver was sober at the point of arrival, later became inebriated, and entered the vehicle to sleep off his alcohol-induced state.
For example, a driver could have arrived at a party sober, the first act of driving, and found himself too drunk to drive and merely entered the vehicle to sleep it off, but turned on the ignition for heat. This being the case, the jury could weigh the credibility of this kind of explanation and could find that the driver has rebutted the presumption of operating. In any event, it would be a question for the fact-finder.
Justice Pfeifer urges that the long winding road since Statev. Cleary (1986), 22 Ohio St.3d 198 has caused a distortion ofCleary's intent. The Cleary Supreme Court said a person with the ignition in the key may be found guilty. Consequently, the issue is one of intent for the fact-finder to resolve.
Sometimes, irrebuttable presumptions carved into statutory construction may have an offensive effect on the due process standard. Due process not only is a question of notice, but inherent in it is a question of access to the court. An irrebuttable presumption by its very nature forecloses access to the court and denies altogether the right to be heard.
Besides, we should be encouraging drunk drivers to sleep off their drunkenness and not drive. Here, Attenwell sought to sleep off his drunkenness. I agree with Justice Pfeifer that the legislature intended to punish drunk drivers not drunk radio listeners or drunks in need of heat from their cars.
I would reverse the trial court's decision with the hope that the Ohio Supreme Court would not have spun retribution on my failing to follow Gill; instead, I would hope that it would have shown gratitude for a fresh approach because Gill was not followed.