This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Jeffrey Zentner, appellant, appeals from the decision of the Wayne County Municipal Court. We affirm.
 {¶ 2} On March 25, 2002, Mr. Zentner was charged with driving under the influence ("DUI"), in violation of R.C. 4511.19(A)(1), driving under suspension ("DUS"), in violation of R.C. 4507.02(D)(2), and operating a motor vehicle without reasonable control ("failure to control"), in violation of R.C. 4511.20.2. Mr. Zentner pled not guilty to the charges and filed a motion to suppress. The trial court granted the motion to suppress. Thereafter, the matter proceeded to a jury trial on the charges of DUI and DUS, while the issue of failure to control proceeded to a bench trial. Mr. Zentner was found guilty of all charges and was sentenced accordingly. This appeal followed.
 {¶ 3} Mr. Zentner raises three assignments of error. We will consider them together to facilitate review.
 First Assignment of Error
"THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT FAILED TO GRANT THE DEFENDANT/APPELLANT'S MOTION FOR ACQUITTAL ON THE CHARGES OF DRIVING UNDER THE INFLUENCE OF ALCOHOL, DRIVING UNDER SUSPENSION AND FAILURE TO CONTROL AT THE CLOSE OF THE STATE OF OHIO'S CASE AND AT THE CLOSE OF THE EVIDENCE."
 Second Assignment of Error
"THE JURY VERDICT FINDING THE DEFENDANT/APPELLANT GUILTY OF DRIVING UNDER THE INFLUENCE AND DRIVING UNDER SUSPENSION AND TRIAL COURT'S VERDICT FINDING THE DEFENDANT/APPELLANT GUILTY OF FAILURE TO CONTROL WERE CONTRARY TO LAW BECAUSE THEY WERE NOT SUPPORTED BY LEGALLY SUFFICIENT EVIDENCE IN VIOLATION OF THE DEFENDANT/APPELLANT'S RIGHT TO DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE, SECTION 16 OF THE OHIO CONSTITUTION."
 Third Assignment of Error
"THE VERDICTS FINDING THE DEFENDANT GUILTY OF DRIVING UNDER THE INFLUENCE, DRIVING UNDER SUSPENSION AND FAILURE TO CONTROL WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 4} In his assignments of error, Mr. Zentner avers that his convictions for DUI, DUS, and failure to control were against the manifest weight of the evidence and, also, that the evidence was insufficient to sustain his convictions. Mr. Zentner's assignments of error lack merit.
 Manifest Weight {¶ 5} When determining whether a conviction was against the manifest weight of the evidence,
"an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."State v. Otten (1986), 33 Ohio App.3d 339, 340.
This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
 {¶ 6} Mr. Zentner was found guilty of DUI, in violation of R.C.4511.19(A)(1), which provides:
 "(A) No person shall operate any vehicle, streetcar, or trackless trolley within this state, if any of the following apply:
 "(1) The person is under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse[.]"
 Regarding this charge, Mr. Zentner asserts that the evidence does not support the finding that he was operating the vehicle or that he was under the influence of alcohol.
 Mr. Zentner was also found guilty of DUS, in violation of R.C. 4507.02(D)(2), which provides:
 "No person, whose driver's or commercial driver's license or permit or nonresident operating privilege has been suspended under division (B) of section 4507.16 of the Revised Code, shall operate any motor vehicle upon the highways or streets within this state during the period of the suspension. No person who is granted occupational driving privileges by any court shall operate any motor vehicle upon the highways or streets in this state except in accordance with the terms of those privileges."
 {¶ 7} R.C. 4507.16(B) provides that a trial judge of any court of record, and the mayor of a mayor's court, shall revoke or suspend the driver's license of a person who is convicted of or pleads guilty to a violation of R.C. 4511.19(A), or a municipal ordinance relating to operating a vehicle while under the influence of alcohol, drug of abuse, or alcohol and a drug of abuse, or a municipal ordinance that is substantially equivalent to R.C. 4511.19(A) relating to operating a vehicle with a prohibited concentration of alcohol.
 {¶ 8} The manner in which the existence of a prior conviction can be proven is set forth in R.C. 2945.75(B), which provides:
"Whenever in any case it is necessary to prove a prior conviction, a certified copy of the entry of judgment in such prior conviction together with evidence sufficient to identify the defendant named in the entry as the offender in the case at bar, is sufficient to prove such prior conviction."
With regard to this charge, Mr. Zentner contends that evidence does not support the finding that the Jeffrey Zentner, whose license was suspended by virtue of the May 2000 judgment entry, is the same Jeffrey Zentner named as the defendant in the case at bar.
 {¶ 9} Finally, Mr. Zentner was found guilty of failure to control, in violation of R.C. 4511.20.2, which provides:
"No person shall operate a motor vehicle, trackless trolley, or streetcar on any street, highway, or property open to the public for vehicular traffic without being in reasonable control of the vehicle, trolley, or streetcar."
 {¶ 10} At the hearing, Trooper Dan Laubacher of the State Highway Patrol testified that, on March 24, 2002, he was dispatched at 10:44 p.m. for a vehicle off the side of the road. The vehicle was a 1993 two-door green Dodge Shadow and was located near the intersection of 94 and 585 in Wayne County. Trooper Laubacher testified that, when he arrived at the scene, there were no people present. He observed skid marks and the vehicle in a ditch. The driver's side window was open and, when he put his head in the window, he could smell the odor of alcoholic beverage. Trooper Laubacher ran the license plate number through dispatch and determined that the vehicle was registered to Mr. Zentner. The physical description of Mr. Zentner was also provided, describing him as a forty-one year old five-foot, eight-inch male weighing approximately 155 pounds, with blond hair and blue eyes. Thereafter, Trooper Laubacher was able to take a statement from the man who reported the vehicle in the ditch, Daniel Stark.
 {¶ 11} Mr. Stark testified that, at approximately 10:30 p.m. on March 24, 2002, he was driving along 94 when he saw a dark green car in the ditch. The vehicle's lights were turned off and the engine was not running. Mr. Stark did not see anyone outside of the vehicle, but did notice Mr. Zentner sitting in the driver's seat. Mr. Zentner worked his way out of the vehicle through the driver's side door and approached Mr. Stark. Mr. Zentner smelled strongly of alcohol and, according to Mr. Stark, displayed symptoms indicating that he was intoxicated. Mr. Stark testified that he had experience with people who have consumed alcohol and that it was apparent that Mr. Zentner "reeked of alcohol and he was drunk."
 {¶ 12} Mr. Zentner did not act like he was shaken-up from his accident and appeared to have no injuries but, rather, was staggering about and could not stand still. Mr. Stark testified that he could have pulled the vehicle out of the ditch but decided that Mr. Zentner should not be behind the wheel of an operable vehicle. Mr. Stark also noted the conditions of the road, testifying that the conditions were not bad for driving and that there was no reason for Mr. Zentner to have driven off the road as he did. Mr. Stark provided Mr. Zentner with a ride and went to his own house to report the incident to the sheriff's office.
 {¶ 13} Pam Studer, a deputy clerk at the Clerk of Courts for Wayne County, testified with regard to State's Exhibit A, a certified copy of a complaint and corresponding May 2000 DUI conviction for a Jeffrey Zentner. Ms. Studer explained that there was a three-year license suspension associated with the conviction. In the May 2000 complaint, Jeffrey Zentner is described as a thirty-nine year old five-foot, eight-inch male weighing 150 pounds, with blond hair and blue eyes. The vehicle noted in the complaint is a 1993 two-door green Dodge.
 {¶ 14} Terry Wright, Mr. Zentner's brother-in-law, testified that he and two of Mr. Zentner's friends had been at Mr. Zentner's home on the night in question. Mr. Wright testified that he remembered that he had three beers while Mr. Zentner had three to four beers. He did not believe that Mr. Zentner was intoxicated. Mr. Wright testified that Mr. Zentner left his home at approximately 10:00 p.m. but that Mr. Wright did not observe either Mr. Zentner or his two friends leave because Mr. Wright was in the bathroom. He also testified that Mr. Zentner drives a green Dodge Shadow, is approximately five-foot, eight-to-nine-inches, weighs between 155 to 160 pounds, and has blue eyes. Mr. Wright further testified that Mr. Zentner's license was under suspension.
 {¶ 15} Mr. Wright stated that, after coming out of the bathroom, he drove home. On the way, he observed Mr. Zentner's car in the ditch. When he arrived at his house, he informed his wife, Debbie Wright, of the accident. He testified that he assumed Mr. Zentner had been driving the vehicle. He stated that the condition of the roads was wet and slick.
 {¶ 16} Ms. Wright testified that her husband returned home around 10:30 p.m. on the night in question. He told her that Mr. Zentner had put his car in a ditch. Ms. Wright also testified that, thereafter, her brother came to their house and she was upset with him because he had been drinking and driving. On cross-examination, she conceded that she had no actual proof that he had been driving that night but assumed that he was driving.
 {¶ 17} Regarding the charge of DUI, in violation of 4511.19(A)(1), we find Mr. Zentner's argument regarding whether he operated the vehicle to be without merit. The term "operate" has been held to be a broader concept than merely driving a vehicle. State v. Gill (1994),70 Ohio St.3d 150, 152-53. The state need not prove that a defendant started the vehicle's engine after consuming alcohol or that the engine was running when the defendant was arrested. Id. at 154. A person is operating a motor vehicle when he or she has the potential to cause it to move. Id.
"`The focus should not be narrowly upon the mechanical condition of the car when it comes to rest, but upon the status of its occupant and the nature of the authority he or she exerted over the vehicle in arriving at the place from which, by virtue of its inoperability, it can no longer move. Where, as here, circumstantial evidence permits a legitimate inference that the car was where it was and was performing as it was because of the defendant's choice, it follows that the defendant was in actual physical control. To hold otherwise could conceivably allow an intoxicated driver whose vehicle was rendered inoperable in a collision to escape prosecution.'" State v. Mackie (1998), 128 Ohio App.3d 167,171, quoting State v. Allberry (Jan. 31, 1991), 4th Dist. No. 90CA09.
 {¶ 18} While much of evidence supporting Mr. Zentner's operation of the vehicle is circumstantial, it is permissible for the elements of an offense to be established by direct evidence, circumstantial evidence, or both. State v. Jenks (1991), 61 Ohio St.3d 259, 272. Circumstantial and direct evidence possess equal evidentiary value. Id.
The circumstantial evidence adduced at trial, if believed, reasonably supports a finding that Mr. Zentner operated the vehicle. It is undisputed that Mr. Zentner was in his vehicle at the time of the accident and was sitting in the driver's seat when Mr. Stark approached. Moreover, there was an absence of other individuals in the same area. Such evidence provides a basis for the trier of fact's conclusion that Mr. Zentner committed the offense.
 {¶ 19} Further, as to whether the evidence supports the finding that Mr. Zentner was under the influence, we note that in drunk driving prosecution, the state does not have to prove actual impaired driving; rather, it need only show an impaired driving ability. State v. Holland (Dec. 17, 1999), 11th Dist. No. 98-P-0066. "[V]irtually any lay witness, without special qualifications, may testify as to whether or not an individual is intoxicated." State v. Delong, 5th Dist. No. 02CA35, 2002-Ohio-5289 . ./. ./5/2002/2002-Ohio-5289.doc, ¶ 60, citing to Columbus v. Mullins (1954), 162 Ohio St. 419, 421. Under Evid.R. 701, a lay witness can give opinion testimony if the witness' opinion is rationally based on such witness' perception and it is helpful in providing a clear understanding of the testimony of the witness or a determination of a fact at issue. Evid.R. 701; see, also, State v. Wargo (Oct. 31, 1997), 11th Dist. No. 96-T-5528. Sobriety is "recognized by courts to be within the proper perception of a lay witness. In order to be admissible, the state must establish the proper foundation by eliciting testimony from the witness to the effect that he or she has had previous experience observing intoxicated people." Id.
The state laid a foundation with Mr. Stark under Evid.R. 701 and Mr. Stark stated his opinion that Mr. Zentner was under the influence of alcohol at the scene of the accident. Clearly, the jury, in weighing the evidence, the credibility of the witnesses and testimony elicited at trial, could have concluded that Mr. Zentner was guilty of DUI beyond a reasonable doubt. Moreover, a determination as to what occurred is a question for the trier of fact, and it is not the function of the appellate court to substitute its judgment for that of the factfinder. See Jenks, 61 Ohio St.3d at 279.
 {¶ 20} Regarding the charge of DUS, in violation of R.C.4507.02(D)(2), we cannot say that it was against the manifest weight of the evidence for the trier of fact to conclude that the defendant named in the May 2000 judgment entry is the offender in the instant case. The state did not only present evidence that the name was the same; rather, evidence was introduced that, just as in the 2000 judgment entry, Mr. Zentner was driving a 1993 green two-door Dodge and, also, had a matching physical description. Moreover, Mr. Wright testified that Mr. Zentner was under suspension. Finally, regarding the charge of failure to control, in violation of 4511.20.2, we find that trier of fact did not lose its way because, considering the evidence in a light most favorable to the prosecution, there was evidence which would provide a basis for the trier of fact to conclude that Mr. Zentner was not in control of the vehicle he was operating.
 {¶ 21} After a careful review of the record, we cannot conclude that the trier of fact lost its way and committed a manifest miscarriage of justice in convicting Mr. Zentner of DUI, DUS, and failure to control. Although conflicting testimony was presented, we refuse to overturn the verdict because the trier of fact believed other testimony. "[W]hen conflicting evidence is presented at trial, a conviction is not against the manifest weight of the evidence simply because the [trier of fact] believed the prosecution testimony." State v. Gilliam (Aug. 12, 1998), 9th Dist. No. 97CA006757. Therefore, we conclude that Mr. Zentner's convictions on these counts were not against the manifest weight of the evidence.
 Sufficiency {¶ 22} Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal *** if the evidence is insufficient to sustain a conviction of such offense or offenses." A trial court may not grant an acquittal by authority of Crim.R. 29(A) if the record demonstrates that reasonable minds can reach different conclusions as to whether each material element of a crime has been proven beyond a reasonable doubt. State v. Wolfe (1988), 51 Ohio App.3d 215, 216. In making this determination, all evidence must be construed in a light most favorable to the prosecution. Id. "In essence, sufficiency is a test of adequacy." State v. Thompkins (1997), 78 Ohio St.3d 380, 386.
 {¶ 23} "Because sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency." (Emphasis omitted.) State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462. Having found that Mr. Zentner's convictions were supported by the manifest weight of the evidence, we find that there was sufficient evidence that Mr. Zentner did commit the charges of DUI, DUS, and failure to control. Accordingly, Mr. Zentner's assignments of error are overruled.
 {¶ 24} Mr. Zentner's first, second, and third assignments of error are overruled. The judgment of the Wayne County Municipal Court is affirmed.
BAIRD, P.J. and CARR, J. CONCUR.