OPINION
{¶ 1} In this accelerated appeal, submitted on the record and briefs of the parties, appellant, Clark R. Justen ("Justen"), timely appeals from the judgment of the Willoughby Municipal Court, finding Justen guilty of driving under the influence ("DUI"), in violation of R.C. 4511.19(A)(1).
 {¶ 2} The following facts were set forth at the suppression hearing. On August 19, 2002, at approximately 2:30 a.m., Sergeant Angelo and Officer McCauley of the Eastlake Police Department were conducting a routine traffic stop on Vine Street in Eastlake, Ohio. While in the midst of that stop, the officers observed a white Jeep parked against the direction of the parking spaces in a parking lot behind a nearby business.
 {¶ 3} Upon approaching the Jeep, the officers observed a man sitting in the driver's seat, leaning onto the passenger seat, "passed out." The keys were in the ignition. The officers testified that they tried yelling at the individual to awaken him. When that was unsuccessful, they opened the car door and shook the individual's leg to arouse him. Upon opening the door, the officers saw a plastic bag containing a substance that appeared to be marijuana in the ashtray of the vehicle. After awakening the individual, the officers asked him step outside of the vehicle. The individual refused to get out of the car, and the officers subsequently removed him from the vehicle.
 {¶ 4} Justen refused to cooperate with the officers and was subsequently handcuffed and taken to the Eastlake Police Department. Once he arrived at the police station, Justen refused to perform any field sobriety tests or take a breath test. He was subsequently charged with DUI and possession of marijuana.
 {¶ 5} On September 18, 2002, Justen filed a motion to suppress, which the trial court overruled following a hearing on the matter. On December 17, 2002, Justen filed a motion for reconsideration, which the trial court overruled without a hearing. On January 28, 2003, Justen withdrew his previous not guilty plea and pled no contest. The trial court subsequently found him guilty of only the DUI charge and sentenced him to 180 days in jail, with 164 days suspended, a $500 fine, a one-year suspension of his license, and placed him on one year of probation.
 {¶ 6} Justen presents a single assignment of error on appeal:
 {¶ 7} "The trial court erred in denying Appellant's motion to suppress evidence because the evidence was obtained as the result of an unreasonable investigatory search and seizure in violation of appellant's rights under Article I, Section Fourteen of the Ohio Constitution and the Fourth and Fourteenth Amendment[s] to the United States Constitution."
 {¶ 8} In his assignment of error, Justen contends that the trial court erred in denying his motion to suppress as the officers lacked reasonable suspicion to make the stop. In order to conduct an investigative stop of a motor vehicle, the police officer must have a reasonable suspicion that the motorist is engaged in criminal activity, or that the motorist is operating his vehicle in violation of the law.[1] In evaluating the propriety of the stop, the reviewing court must consider the totality of the surrounding circumstances, as "viewed through the eyes of the reasonable and prudent police officer on the scene who must react to the events as they unfold."[2]
 {¶ 9} Justen cites State v. Barth as being dispositive in this case.[3] In that case this court reversed the judgment of the trial court, holding that an individual in his car, with his engine running, with his head tilted back and a cowboy hat over his face did not constitute reasonable suspicion to support a warrantless seizure.[4]
 {¶ 10} The facts of the instant case are distinguishable fromBarth. In the case sub judice, the officers observed a vehicle parked behind a business at 2:37 a.m. The officers were free to approach the vehicle to investigate. Upon further observation, a man could be seen asleep or passed out in the driver's seat. The officers also observed the keys in the ignition of the vehicle. The officers testified that they knocked on the window in an attempt to arouse the individual. When this elicited no response, it was reasonable for the officers to believe that a possible emergency existed. At that point, the officers not only had the authority, but the duty, to investigate further.[5]
 {¶ 11} Moreover, it is well-settled that "[a] person who is in the driver's seat of a motor vehicle with the ignition key in the ignition and who, in his or her body has a prohibited concentration of alcohol, is `operating' the vehicle within the meaning of R.C. 4511.19 whether or not the engine of the vehicle is running."[6]
 {¶ 12} A baggy of marijuana was seized after the officers observed it in plain view in an ashtray next to the driver's side seat of the vehicle. The plain view doctrine provides that when police are lawfully and legitimately present at a location where contraband is observed and it is immediately apparent the item is incriminating, police may seize that contraband and properly admit it as evidence against a defendant.[7]
 {¶ 13} Therefore, the officers, having the duty to investigate further, opened the door and woke the individual. They noted the marijuana in plain view and that Justen exhibited signs of intoxication, including: the odor of alcohol; glassy, bloodshot eyes; and slurred speech, which subsequently led to the lawful arrest. Thus, we conclude that the officers' conduct was reasonable and the trial court did not err in denying Justen's motion to suppress.
 {¶ 14} Justen's assignment of error is without merit. The judgment of the Willoughby Municipal Court is affirmed.
Christley, J., Rice, J., concur.
[1] (Citation omitted.) State v. Verhester (Dec. 15, 2000), 11th Dist. No. 2000-T-0028, 2000 Ohio App. LEXIS 5930, at *6.
[2] State v. Andrews (1991), 57 Ohio St.3d 86, 87-88.
[3] State v. Barth (June 2, 2000), 11th Dist. No. 99-L-058, 2000 Ohio App. LEXIS 2351 (this was a two to one decision with Judge O'Neill dissenting).
[4] Id. at *1-2.
[5] State v. Stuble (Nov. 16, 2001), 11th Dist. No. 2000-L-186, 2001 Ohio App. LEXIS 5128, at *4-5.
[6] State v. Gill (1994), 70 Ohio St.3d 150, syllabus.
[7] State v. Waddy (1992), 63 Ohio St.3d 424, 442.