**CITY OF COLUMBUS, Appellee,**

v.

**SEABOLT, Appellant.**

[Cite as *Columbus v. Seabolt* (1992), 79 Ohio App.3d 234.]

Court of Appeals of Ohio,
Franklin County.

No. 91AP–1169.

Decided April 14, 1992.

*Ronald J. O'Brien,* City Attorney, *Marcee C. McCreary,* City Prosecutor, and *Brenda J. Keltner,* for appellee.

*John D. Hobday Co., L.P.A.,* and *John D. Hobday,* for appellant.

McCormac, Judge.

Janice D. Seabolt, defendant-appellant, was convicted by the court of operating a motor vehicle under the influence of alcohol, having a concentration of blood alcohol of .10 percent or more. She appeals, asserting the following assignments of error:

*"Assignment of Error No. 1*

"There was insufficient evidence in the court below to establish that the defendant was operating a motor vehicle in violation of the Columbus City Code.

*"Assignment of Error No. 2*

"A mere running of an engine of a totally immobile vehicle is not operation within the meaning of Section 2133.01(B)(2) of the Columbus Municipal Code.

*"Assignment of Error No. 3*

"The state of Ohio and city of Columbus lack a valid legislative interest in precluding the running of an engine of a motor vehicle which is totally immobile."

The case was submitted to the court upon the following stipulation of facts, there being no oral testimony:

" * * * On March 24, 1991, at approximately 3:46 a.m., the defendant, Janice D. Seabolt, was found sitting behind the wheel of a 1986 Nissan pickup truck with the key in the ignition and the motor running.

"The truck was totally immobile, stuck in the mud, with two tires blown out.

"Officer T.L. Moore arrived first at the scene while the defendant was sitting behind the steering wheel with the motor running. Officer Moore asked the defendant to get out of the vehicle, whereupon he noticed an odor of alcohol.

"The defendant was requested to submit to a breath test, which she complied to at 4:34 a.m. The result of that breath test was .235.

"The defendant was subsequently arrested for operating a motor vehicle while under the influence of alcohol with a blood alcohol level above .10, as well as failure to control and other tickets.

"On the following date, the vehicle was removed from the mud by a tow truck."

After inquiry by the court, the parties further stipulated that the result of ".235" meant a concentration of .235 of one gram by weight of alcohol per two hundred ten liters of breath and that the alleged offense occurred within the city of Columbus, county of Franklin, and the state of Ohio.

Defendant was convicted of a violation of Section 2133.01(b)(2) of the Columbus City Code, which reads as follows:

"(b) No person shall operate a vehicle within this City when:
" * * *

"(2) That person has a concentration of ten hundredths of one gram or more by weight of alcohol per two hundred ten liters of his breath[.] * * * "

Section 2101.10 of the Columbus City Code defines "driver" or "operator" as follows:

" 'Driver' or 'operator' means every person who drives or is in actual physical control of a vehicle."

■ The key issue is whether there was evidence that defendant drove or was in actual physical control of the vehicle while she had the requisite concentration of alcohol in her system.

Under the stipulated facts, there was insufficient evidence to prove beyond a reasonable doubt that defendant drove the vehicle into its place of immobility while under the influence of alcohol. While one might speculate that she had driven the vehicle into the mud where it became mired and immobile, there was no direct evidence that she did so and no circumstantial evidence sufficient to allow that finding beyond a reasonable doubt. There was no evidence of how long the motor vehicle had been in that position, as is frequently the case where defendant is found in a vehicle shortly after it becomes immobile following an accident. See *State v. Keeney* (Apr. 13, 1989), Franklin App. No. 88AP–645, unreported, 1989 WL 35878. As stated before, in this case all that is known is that defendant, while intoxicated, was seated in the driver's seat of an immobile vehicle with the motor running.

■ The next issue is whether a person can be found guilty of a violation of the laws prohibiting driving while under the influence of alcohol when seated in the driver's seat of a totally immobile vehicle, which cannot be moved to present a hazard to anyone else on the highway.

The Supreme Court has held that an intoxicated person who is in the driver's seat of a motor vehicle with the key in the ignition is operating the vehicle. *State v. McGlone* (1991), 59 Ohio St.3d 122, 570 N.E.2d 1115. However, in that case the court held that the car was under the driver's control because he could have moved the car whenever he wanted. Similarly, in *State v. Cleary* (1986), 22 Ohio St.3d 198, 22 OBR 351, 490 N.E.2d 574, the Supreme Court found that a stationary vehicle is being operated within the contemplation of the statutes where a person is seated behind the steering wheel of the vehicle with the ignition key in the ignition and the motor running. However, once again, in *Cleary*, the car was operable. The court pointed out that the statutes were aimed at intoxicated persons with impaired faculties who were behind the wheel of an automobile which could be put into motion to cause a hazard to another person who is using a highway.

In this case, while defendant was behind the wheel of an automobile with the ignition key in the ignition and the motor running, by the stipulated facts defendant had no capability of moving the motor vehicle to cause a hazard to

another person using the highway. She was not in control of the car within the definition of Section 2101.10 of the Columbus City Code because she had no ability to drive or control the vehicle other than to turn the ignition key. The automobile could not be moved or controlled to cause a hazard to another person. There was no actual physical control of the vehicle as required by Section 2101.10 of the Columbus City Code.

Defendant's first assignment of error is sustained. There was insufficient evidence to establish that defendant was operating a motor vehicle in violation of the Columbus City Code.

Defendant's second assignment of error is overruled. While a mere running of an engine of a totally immobile vehicle is not operation within the physical control part of the section, there still may be conviction of driving while under the influence of alcohol if there is sufficient direct or circumstantial evidence that defendant, while under the influence of alcohol, drove the automobile into the place where it became immobile.

Defendant's second assignment of error is overruled.

Defendant's third assignment of error presents a question that is not pertinent to the issues in this case and the court declines to issue an advisory opinion concerning the authority to legislate against the running of an engine of a motor vehicle which is totally immobile.

Defendant's third assignment of error is overruled.

Defendant's first assignment of error is sustained and defendant's second and third assignments of error are overruled. The judgment of the trial court is reversed and the case is remanded to the trial court for further procedure consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

BOWMAN and DESHLER, JJ., concur.