This appeal is brought by the state of Ohio pursuant to R.C. 2945.67(A). The state seeks review of a ruling by the Warren County Court of Common Pleas on a substantive issue of law which resulted in defendant-appellee, Timothy Howard's judgment of acquittal under Crim.R. 29. Because the issue presented is unsettled in this district and capable of repetition yet evading review, we granted leave to the state to file this appeal. State v. Bistrecky (1990), 51 Ohio St.3d 157.
A review of the record reveals the following facts pertinent to this appeal. Early in the morning of February 14, 1997, Deputy Mike Highley ("Highley") of the Warren County Sherriff's Office observed a pick-up truck approximately five feet off of a dead-end road, in a ditch, with the engine running. The road was straight and level with no ice on it at that time. He did not note any damage to the truck. Highley approached the truck and saw two men sleeping inside. Appellee was seated behind the steering wheel, the engine was running, and the truck was registered to appellee's wife. After asking appellee to exit the vehicle, Highley also observed that appellee exhibited a strong odor of alcohol, his speech was slurred, and his eyes were bloodshot and glassy. Appellee admitted he had had "too much" to drink, but asserted that he had not been driving, and refused to perform field sobriety tests. Based on his training and experience, Highley concluded that appellee was intoxicated. Appellee was arrested and charged with driving under the influence in violation of R.C. 4511.19(A)(1).
Appellee filed a motion to suppress, arguing that the officer did not have probable cause to arrest. During the hearing on the motion, the passenger, Michael Howard ("Howard"), testified that he, and not appellee, had been driving before the truck entered the ditch.
The trial court found that it was undisputed that the engine was running and that appellee was behind the wheel. The court also noted that the officer observed that appellee was unsteady on his feet, had slurred speech, blurry eyes, and an odor of alcohol. Finding that Highley had probable cause to arrest, the trial court denied appellant's motion to suppress.
At a jury trial on June 5, 1997, Highley testified that he did not have personal knowledge of when the truck had arrived in the ditch, nor when appellee and Howard had their last alcoholic beverage. Highley testified that there were no alcohol or beer cans found in the truck or in its general vicinity. He also stated that he did not know whether the truck could have been moved.
Another deputy, a licensed breathalyzer technician, testified that appellee refused to submit to testing and maintained that he had not been driving. This deputy testified that appellee had an odor of alcohol, slurred speech and bloodshot, watery eyes, and that based on his training, education and experience, he had "no doubt" that appellee was impaired.
At the conclusion of the state's case, appellee moved for dismissal of the charge pursuant to Crim.R. 29. Appellee argued that the state had presented no evidence showing the operability of the truck while it was located in the ditch.
The trial court granted appellee's motion, after concluding that it was the state's burden to show that the truck could have been moved. The court also considered an alternative prosecution theory — that at the time the vehicle was moving off the road appellee was the driver and was under the influence of alcohol. Given the passage of time, possibly several hours, the court found the evidence was too tenuous to sustain a conviction on that theory. Accordingly, the court directed a verdict of dismissal.
In its sole assignment of error, the state contends that the trial court improperly determined that appellee was not operating a motor vehicle in violation of R.C. 4511.19(A)(1) "where appellee was operating his vehicle as it was running, the appellee was behind the wheel, and the appellee had the burden of proving nonoperability." The state does not specifically contest the trial court's finding on its alternative theory, i.e. that the appellee had driven the vehicle while intoxicated before the vehicle entered the ditch.
We begin with an outline of the DUI law most pertinent to this case. R.C. 4511.19 provides in part:
 (A) No person shall operate any vehicle * * * within this state if any of the following apply:
 (1) The person is under the influence of alcohol or any drug of abuse.
The Ohio Supreme Court has defined operation of a motor vehicle quite broadly.
 Operation of a motor vehicle within contemplation of the statute is a broader term than mere driving and a person in the driver's position in the front seat with the ignition key in his possession indicating either his actual or potential movement of the vehicle while under the influence of alcohol or any drug of abuse can be found in violation of R.C. 4511.19(A)-(1).
State v. Cleary (1986), 22 Ohio St.3d 198. The court noted that a broad definition of "operate" was necessary to discourage those who have consumed too much alcohol from undertaking the operation of a motor vehicle.
In State v. McGlone (1991), 59 Ohio St.3d 122, the Supreme Court reiterated that "an intoxicated person who is in the driver's seat of a motor vehicle parked on private or public property with the key in the ignition is operating the vehicle in violation of R.C. 4511.19(A)(1)." This broader statement of the holding was necessary because this court had distinguished Cleary stating that it was "entirely possible appellee entered his vehicle at a time when he was not yet under the influence of alcohol." Id. at 123 (emphasis sic). The Supreme Court disagreed, noting that the "focus of the inquiry is upon an individual's level of intoxication while operating the vehicle, not when or how such individual came to be in an intoxicated condition." The court stressed that the defendant was sitting in the driver's seat of his car with the motor running. The car was under his control. He could have moved the car whenever he wanted and in fact admitted he had been driving. Id. The court stated, [i]f you are under the influence [of alcohol or drugs], don't drive or put yourself in a position of control of a vehicle." Id. at 124 (citation omitted).
The court's holding on operation was reiterated and somewhat broadened again in State v. Gill (1994), 70 Ohio St.3d 150. The defendant was found sleeping in his car with the key in the ignition, although the engine was not running. The defendant contended that his case was distinguishable from Cleary because in Cleary the engine was running. The Supreme Court disagreed, holding that Cleary and McGlone applied. Id. at 154. The court noted that "a clear purpose of R.C. 4511.19 is to discourage persons from putting themselves in the position in which they can potentially cause the movement of a motor vehicle while intoxicated or under the influence of any drug of abuse." Id.
Thus, the case law clearly indicates that "operation" is more than simply driving. The basis for the acquittal here, however, was the related but separate issue of whether the vehicle itself was operable because of its location in the ditch. In Cleary, McGlone, and Gill the "operability" of the vehicle was never directly at issue. However, several appellate courts have addressed this question. The clear consensus is that the complete inoperability of a vehicle can be a defense only under very limited circumstances. We conclude therefore, that the trial court erred in determining that vehicle operability is an element on which the state has the burden.
Although every case will have unique facts and circumstances, an acquittal should not be granted solely because a vehicle is not operable at the time the police arrive. In City of Twinsburg v. Lochridge (May 15, 1991), Summit Co. App. No. 14906, unreported, the defendant was found behind the wheel with the ignition on, but the battery was dead. The court noted that the inoperability of the vehicle at the time of arrest did not preclude a finding of probable cause, because circumstances may nevertheless indicate that the person had been driving under the influence. Id., citing Bucyrus v. Williams (1988), 46 Ohio App.3d 43. The court found that the defendant was clearly intoxicated, the car was registered in her name, and no one else was in the car or in the vicinity, therefore probable cause was established. Id. at 2. See, also, State v. Kellum (June 22, 1998), Clinton Co. App. No. CA97-11-012, unreported (defendant's uncorroborated claim of another driver insufficient); State v. Roberts (June 29, 1998), Butler Co. App. No. CA97-10-186, unreported (probable cause to arrest six hours after fleeing scene of accident).
The Fourth District Court of Appeals has noted that the Ohio Supreme Court has never stated that proof of a vehicle's operability is neccessary to sustain a DUI conviction. State v. Allberry (Jan. 31, 1991), Hocking Co. App. No. 90-09, unreported. The Fourth District Court therefore declined to require proof of operability:
 The decision that the state is not required to prove * * * that the vehicle involved is [operable] is not determinative * * * It readily appears that a person ought not be convicted of having a vehicle under his or her control while intoxicated when in fact the vehicle was inoperable, the intoxicated person did not operate the vehicle prior to its becoming disabled, and the vehicle's mechanical problems were such that it could not under any reasonable circumstances have been operated by the person accused. The fact of inoperability may be a defense and as such may be raised by the defendant.
Id. (Citation omitted.) (Emphasis added.)
The Fourth District therefore determined that it may be appropriate to consider inoperability, but only as a defense upon which the defendant has the burden of proof. Id. The court noted that operability could be established if the vehicle is reasonably capable of being made operable by the driver or others with him. In Allberry, the defendant was behind the wheel attempting to start the vehicle. His passenger, a mechanic, was working on the engine under the hood. The car did not start and later had to be towed. The court held that the defendant had the burden of proof of inoperability and this burden had not been met. Therefore, the conviction was affirmed.
The First District Court of Appeals has recently reviewed the Fourth District's discussion of the operability issue in Allberry. State v. Mackie (Mar. 27, 1998), Hamilton Co. App. No. C-961145, unreported. In Mackie, the unrefuted evidence showed that the defendant lost control of his car due to ice. He left the car and walked home. He consumed alcohol during the time he was away from his car and also attempted to find someone to help him retrieve stereo equipment from the car. Eventually, his girlfriend agreed to help and they attempted to extricate the car. However, the evidence showed that the car was completely immobile and had no potential for movement. Following the Fourth District's opinion in Allberry, the court held that inoperability is a defense upon which the defendant bears the burden of proof. Id. In Mackie, however, the court found that burden had been met and further found that the prosecution had presented insufficient circumstantial evidence to support the inference that the defendant was operating the vehicle while intoxicated immediately prior to its becoming immobile. Therefore, the court found that the evidence was insufficient to sustain the conviction. Id. See, also, State v. Gengler (Aug. 13, 1993), Portage Co. App. No. 92-0107, unreported (holding that it is the defendant's burden to show inoperability).
The trial court in the instant case relied on City of Columbus v. Seabolt (1992), 79 Ohio App.3d 234, and State v. Degler (Feb. 21, 1990), Wayne Co. App. No. 2491, unreported. Upon review, we find that these cases are distinguishable. Neither case addresses the burden of proof. In Seabolt, which is perhaps the only reported case on this issue, the defendant was found intoxicated behind the wheel of a truck. The vehicle was stuck in the mud with two tires blown out with no evidence of how long the vehicle had been in that position. The parties had stipulated that the truck was totally immobile. In reversing the conviction, the court of appeals found that there was insufficent evidence to prove beyond a reasonable doubt that the defendant drove the vehicle into its place of immobility while under the influence of alcohol. The court then found that the unrefuted immobility of the vehicle thereafter meant the case was distinguishable from Cleary and McGlone because in both of those cases the vehicle was operable. Perhaps because immobility had been stipulated, the court did not state specifically whether operablility was an element of the offense or a defense.
Degler presented a highly unusual set of events, underscoring the importance of examining each case according to its particular facts and circumstances. Police found the defendant behind the wheel of a car which was stuck on railroad tracks. Further evidence revealed that the defendant had become intoxicated, a friend then took his car keys and drove onto the railroad tracks. Once the car was hung up on the tracks, the friend went for help. Id. The evidence from several witnesses established that the vehicle then had no capability of movement. The court stressed language in Cleary suggesting, though not holding, that the vehicle must be capable of motion. For instance, the Cleary court had stated "a person in the driver's position in the front seat with the ignition key in his possession indicating either his actual or potential movement of the vehicle while under the influence of alcohol can be found in violation of R.C.4511.19(A)(1)." Id. (quoting Cleary, 22 Ohio St.2d at 199). The Degler court also noted that the Supreme Court had opined that it was not the intent of the legislature "to encourage intoxicated persons with impaired faculties and very questionable judgment, and with the capability of putting the vehicle in motion, to climb behind the wheel and be in a position to put the motor vehicle in motion * * *." Id. (quoting Cleary at 201 [emphasis added]).
The court in Degler therefore held that it was erroneous to charge the jury that "it is not neccessary that the vehicle be capable of motion so long as you have found that the defendant was in the driver seat with the engine running, the vehicle in gear and the rear tires spinning." Significantly, although the conviction was overturned, the underlying facts indicated that another person had driven the car to the point where it became immobilized, and the defendant had shown total inoperability thereafter.[1] The Ninth District has since stressed that its decision in Degler was based on an erroneous instruction and the unrefuted testimony of immobility. State v. McClain (June 5, 1996), Wayne Co. App. No. 95CA0058, unreported. That court has specifically held that the state need not prove operability of the vehicle as part of its case in chief. Id.
Although other issues (alleged other driver, passage of time) are raised by the facts, this case is in a somewhat unusual procedural posture and we limit our holding to the issue of operability. In summary, we hold, following Allberry and Mackie, that operability may be considered if raised as a defense. As such, the defendant has the burden to prove inoperability and it is a heavy burden. Operability can be established if the vehicle is reasonably capable of being made operable by the driver or others with him. The inference that the driver operated the vehicle to its place of inoperability should always be given proper weight unless overcome by sufficient evidence to the contrary.
The facts in the case at bar indicate that Officer Highley was unsure whether the vehicle was operational when he arrived on the scene. He stated that the vehicle was later towed. Appellee presented no evidence. We find that appellee had not met the applicable burden of proof. The judgment of the trial court on the operability issue is reversed. However, as the state has conceded, due to the double jeopardy bar, appellee's acquittal is undisturbed. State v. Bistrecky (1990), 51 Ohio St.3d 157.
Judgment reversed.
WALSH and POWELL, JJ., concur.
[1] A comment to the jury instruction on "operation" cites Degler for the proposition that "[a] person cannot be found guilty of operating a vehicle which is incapable of movement." 4 Ohio Jury Instructions (1997), Section 545.25, at 500. The comment continues "[i]f there is a factual dispute about whether the vehicle is capable of movement, a jury instruction must be drafted to present that issue." Id. We note that the comment should probably be revised to indicate that inoperability is the defendant's burden.