JOURNAL ENTRY AND OPINION
Defendant Roy Pannent appeals from his convictions for operating a vehicle while under the influence of alcohol and operating a vehicle with a prohibited breath alcohol concentration. For the reasons set forth below, we affirm.
On April 6, 1997, defendant was cited in the Metroparks for operating a vehicle with a prohibited blood alcohol concentration, driving under the influence of alcohol, menacing, and displaying unauthorized license plates. Defendant pled guilty to the charge of unauthorized license plates and not guilty to the remaining charges. The matter proceeded to trial to the court on February 27, 1998.
The prosecuting attorney presented the testimony of Cleveland Metropark Ranger Richard Swoboda. Swoboda testified that on April 6, 1997, while on patrol of Albion Road, he observed defendant's vehicle partially blocking the roadway. The vehicle was not at this location fifteen minutes earlier.
Swoboda testified that defendant was seated behind the steering wheel, the keys were in the ignition, and no one else was present in the vehicle. Defendant told the Ranger that he had run out of gas and he requested a ride home. He stumbled as he walked to the patrol car. His speech was slurred and his eyes were bloodshot. Swoboda determined that defendant may be under the influence of alcohol and he administered field sobriety tests. Defendant did not pass the field sobriety tests and Swoboda then arrested him. After defendant was transported to the police station, he was given a statement of his rights and administered the Breathalyzer test. Based upon the Breathalyzer test results, defendant's breath alcohol level was .198. Defendant subsequently threatened to kick Swoboda's ass and break his face.
Defendant presented the testimony of Robert Timko and also testified on his own behalf. Timko testified that at approximately 6:20 p.m., defendant called him and said that he had run out of gas on Albion Road near the Metroparks. Timko did not see defendant's car when he arrived there, an hour and forty minutes later.
Defendant testified that at approximately 5:45 p.m., he ran out of gas on Albion Road while coming home from a friend's house. Defendant stated that prior to this time, he had not consumed alcohol. Defendant put the keys in his pocket and walked to his parents' house. He called a friend to help him. This friend was not available so defendant called Timko.
Defendant testified that he was home for approximately twenty minutes and he consumed alcoholic beverages at this time. Later, defendant walked back to his car but did not get into it and did not place the key in the ignition. A Metropark Ranger approached then administered field sobriety tests. Defendant stated that he had words with the Ranger but never intended to harm him.
Defendant was subsequently convicted of all charges. He now appeals and assigns four errors for our review.
Defendant's first assignment of error states:
 APPELLANT'S PANNENT'S CONVICTIONS FOR DRIVING UNDER THE INFLUENCE AND BLOOD ALCOHOL COUNT WERE NOT SUPPORTED BY SUFFICIENT EVIDENCE BECAUSE THE VEHICLE WAS OUT OF GAS AND THUS NOT "OPERABLE."
Within this assignment of error, defendant complains that he was erroneously convicted of operating his vehicle in violation of R.C. 4511.19(A)(3) since the vehicle was out of gas and therefore not operable.
In State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus, the Court described the role of the appellate court in reviewing a challenge to the sufficiency of the evidence supporting a conviction:
 An appellate court's function when reviewing the sufficiency of evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
Id., at paragraph two of the syllabus, citing Jackson v. Virginia
(1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 520,.
Moreover, the credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
R.C. 4511.19(A)(1) and (3) provide: "No person shall operate any vehicle, streetcar, or trackless trolley within this state, if any of the following apply: (1) The person is under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse; * * *. (3) The person has a concentration of ten-hundredths of one gram or more by weight of alcohol per two hundred ten liters of his breath[.]" (Emphasis added.)
In State v. Cleary (1986), 22 Ohio St.3d 198, paragraphs one and two of the syllabus, the Supreme Court held:
 1. Operation of a motor vehicle within the contemplation of R.C. 4511.19(A) is a broader term than driving and a person in the driver's position in the front seat of the vehicle with the key in the ignition while under the influence of alcohol or any drug of abuse can be found in violation of the statute.
 2. Entering a motor vehicle, putting the key in the ignition and starting and engaging the engine in a stationary position are sufficient acts to constitute operation within the meaning of R.C. 4511.19(A)(1) (Emphasis added.)
Later, in State v. Gill (1994), 70 Ohio St.3d 150, syllabus, the court held:
 A person who is in the driver's seat of a motor vehicle with the ignition key in the ignition and who, in his or her body has a prohibited concentration of alcohol is "operating" the vehicle within the meaning of R.C. 4511.19 whether or not the engine is running.
In cases where the operability of the vehicle is disputed, the key issue is whether there was evidence that defendant drove or was in actual physical control of the vehicle while he had the requisite concentration of alcohol in his system. Columbus v.Seabelt (1992), 79 Ohio App.3d 234, 237. That is, the question may be whether the defendant could then operate the vehicle or whether the defendant operated the vehicle while intoxicated.[1]
See State v. Rowland (Jan. 11, 1991), Miami App. No. 89-CA-57, unreported. Accord State v. Mackie (Jan. 25, 1999), Hamilton App. No. C-961145, unreported, wherein the court observed:
 The focus should not be narrowly upon the mechanical condition of the car when it comes to rest, but upon the status of its occupant and the nature of the authority he or she exerted over the vehicle in arriving at the place from which, by virtue of its inoperability, it can no longer move. Where, as here, circumstantial evidence permits a legitimate inference that the car was where it was and was performing as it was because of the defendant's choice, it follows that the defendant was in actual physical control. To hold otherwise could conceivably allow an intoxicated driver whose vehicle was rendered inoperable in a collision to escape prosecution.
Id., quoting Jones v. Florida (Fla.App. 1987), 510 So.2d 1147,1149 and State v. Smelter (1984), 36 Wn. App. 439, 444-445,674 P.2d 690, 693.
An important factor in deciding this issue is the length of time during which the vehicle has been immobile. Columbus v.Seabelt; State v. Mackie, supra. Other issues include whether there are other drivers present.
In State v. Rowland, supra, the court reversed the trial court's suppression of the evidence and stated:
 The trial court found the defendant drove his vehicle into the ditch on Staley Road. He found that the defendant tried to drive his car out of the ditch but in the process ran out of gas. The court found that when Officer Kirk arrived the defendant was seated in the driver's seat with the keys in the ignition. There was no evidence to dispute Kirk's testimony that he found the defendant in a "highly" intoxicated condition. The State produced sufficient evidence that the defendant had operated his vehicle while intoxicated shortly before Officer Kirk arrived to provide assistance. The State's assignment is sustained and the judgment will be reversed and this matter will be remanded for further proceedings.
Likewise, in State v. Major (Jan. 25, 1999), Highland App. No. 98 CA 04, unreported, the court rejected the defendant's claim that the trial court erroneously denied his motion for acquittal of operating a vehicle while under the influence of alcohol because his car was out of gas. The court stated:
 The second reason why the first assignment is not well-taken is that, upon the facts, no reasonable mind could have reached the conclusion, inferentially, that Major had operated his car from wherever he had been to the point where its fuel was exhausted and that in that time period he was under the influence of alcohol. He was alone in the car, no one other than the deputies was in the vicinity when he was found and he offered no evidence to explain how he had gotten to that point. Upon circumstantial evidence alone, Major had to have been found by any reasonable person to have operated his car at the time critical to the charge alleged.
Further, in State v. Schuler (Feb. 14, 1992), Wood App. No. 91 WD 061, the court noted:
 Additionally, we find that this is a case where the trier of fact could properly infer from the evidence that appellant was, in fact, the operator of a motor vehicle that was capable of movement. Appellant was stopped on the exit ramp of I-75. She told the arresting officer that she was looking for her boyfriend, but she ran out of gas. The gas tank was on empty and she was seated in the front seat with the engine running. Thus, the court could reasonably draw the inference that appellant drove the vehicle to the exit ramp before it ran out of gas. Accordingly, appellant's second assignment of error is not well-taken.
See, also, Broadview Heights v. Soukup (March 10, 1994), Cuyahoga App. No. 64918, unreported. But, see, State v. McKivigan (Jan. 27, 1989), Portage App. No. 1905, unreported (evidence insufficient to support the conviction where the state presented some circumstantial evidence of operation sometime earlier in the evening but nothing to demonstrate intoxication at the time of operation); State v. Traina (March 6, 1995), Mahoning App. No. 94 CA 52, unreported (evidence insufficient to support the conviction where defendant was walking his motorcycle along the berm of the road and there was no evidence as to when it had run out of gas).
In this case, the prosecuting attorney presented evidence which demonstrated that, although defendant's car was out of gas, it was not at that location fifteen minutes earlier. In addition, there was no one else with defendant and there was evidence that defendant was seated behind the steering wheel with the keys in the ignition. It is undisputed that defendant's breath alcohol level was well in excess of the legal limit. Such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt that defendant did operate a vehicle while under the influence of alcohol.
The first assignment of error is overruled.
Defendant's second assignment of error states:
 THE GOVERNMENT'S USE OF APPELLANT PANNENT'S POST-ARREST SILENCE VIOLATED MR. PANKENT'S DUE PROCESS RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
Defendant next asserts that he was denied a fair trial when the prosecuting attorney was permitted to cross-examine defendant and argue in summation as to the fact that defendant did not tell the officer that he had consumed alcohol after the car ran out of gas.
In Doyle v. Ohio (1976), 426 U.S. 610, 96 S.Ct. 2240,49 L.Ed.2d 91, the Supreme Court of the United States held the use for impeachment purposes of petitioners' silence, at the time of arrest and after receiving Miranda warnings, violated the Due Process Clause of the Fourteenth Amendment.
The rule announced in Doyle was distinguished in Jenkins v.Anderson (1980), 447 U.S. 231, 100 S.Ct. 2124, 65 L.Ed.2d 86, wherein the court held that the defendant's privilege against self-incrimination is not violated by the use of pre-arrest silence to impeach his or her credibility. The Court stated:
 The petitioner also contends that use of pre-arrest silence to impeach his credibility denied him the fundamental fairness guaranteed by the Fourteenth Amendment. We do not agree. Common law traditionally has allowed witnesses to be impeached by their previous failure to state a fact in circumstances in which that fact naturally would have been asserted. 3A J. Wigmore, Evidence § 1042, p. 1056 (Chadbourn rev. 1970). Each jurisdiction may formulate its own rules of evidence to determine when prior silence is so inconsistent with present statements that impeachment by reference to such silence is probative. For example, this Court has exercised its supervisory powers over federal courts to hold that prior silence cannot be used for impeachment where silence is not probative of a defendant's credibility and where prejudice to the defendant might result.
Later, in Fletcher v. Weir (1982), 455 U.S. 603,102 S.Ct. 1309, 71 L.Ed. 490, the Court expanded upon this holding and stated:
 In the absence of the sort of affirmative assurances embodied in the Miranda warnings, we do not believe that it violates due process of law for a State to permit cross-examination as to postarrest silence when a defendant chooses to take the stand. A State is entitled, in such situations, to leave to the judge and jury under its own rules of evidence the resolution of the extent to which postarrest silence may be deemed to impeach a criminal defendant's own testimony.
In State v. Sabbah (1982), 13 Ohio App.3d 124, the court adopted the rationale of Fletcher. The Court determined that it is violative of due process of law to permit the state to cross-examine the defendant regarding his post-Miranda silence, but there is no per se rule prohibiting cross-examination and comment concerning his pre-arrest silence. The court stated that introduction of such evidence should be determined with regard to whether the circumstances of the pre-arrest silence, considered in relation to his exculpatory statement, is so genuinely inconsistent with silence that reference to the silence are probative of credibility or recent fabrication. Accord State v.Ospina (1992), 81 Ohio App.3d 644, 649 (where there has been a substantial period of pre-arrest silence, then impeachment by reference to such silence is permissible if it is prefaced by a proper showing that, under the circumstances, it was natural and reasonable to expect the defendant to come forward with an exculpatory communication to the police).
In this instance, the challenged cross-examination and summation focuses upon the point in time prior to the time the police administered field sobriety test and Miranda warnings. We therefore find no per se error in the introduction of this evidence. Further, this evidence was probative of the issues of credibility and recent fabrication since there was, according to defendant, a significant interval during which the car was disabled, and it was therefore natural and reasonable to expect the defendant to come forward with an exculpatory communication to the police.
This assignment of error is without merit.
Defendant's third assignment of error states:
 ROY PANNENT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10, OF THE OHIO CONSTITUTION WHEN HIS COUNSEL FAILED TO OBJECT TO THE GOVERNMENT'S IMPERMISSIBLE ARGUMENT OR PROVIDE THE APPLICABLE CASE LAW ON "OPERATION" TO THE TRIAL COURT UPON REQUEST.
Defendant next maintains that his trial counsel was ineffective for failing to object to the prosecuting attorney's cross-examination and summation as to defendant's silence and failing to locate and cite for the trial court the unreported decisions in State v. McKivigan, supra, and State v. Traina,supra, which reversed convictions for lack of evidence as to inoperability of the vehicle.
In order to establish a claim of ineffective assistance of trial counsel, the defendant must make a two-part showing:
 First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction * * * resulted from a breakdown in the adversary process that renders the result unreliable.
Strickland v. Washington (1986), 466 U.S. 668, 687.
With regard to the introduction of evidence concerning defendant's pre-Miranda silence, no error occurred as was set forth in this court's discussion of the second assignment of error. Accordingly, this claim of ineffective assistance must fail. Cf. State v. Henderson (1988), 39 Ohio St.3d 24, 33.
As to defendant's trial counsel's failure to cite for the trial court the unreported decisions concerning the operability of a vehicle which has run out of gas, this court has determined that these pre- State v. Gill, supra, cases are not controlling and that State v. Major, supra, and Broadview Heights v. Soukup,supra, correctly state the applicable law. This claim of ineffective assistance must also fail.
The third assignment of error is without merit.
Defendant's fourth assignment of error states:
 THE TRIAL COURT LACKED SUBJECT MATTER JURISDICTION TO TRY APPELLANT PANNENT WHEN THE TRIAL COURT FAILS TO STRICTLY COMPLY WITH THE MANDATORY REQUIREMENTS OF R.C. 2945.05 BY NOT OBTAINING A JURY WAIVER IN OPEN COURT.
Within this assignment of error, defendant contends that he did not waive his right to a jury trial in open court.
R.C. 2945.05 governs jury waivers and provides:
 In all criminal cases pending in courts of record in this state, the defendant may waive a trial by jury and be tried by the court without a jury. Such waiver by a defendant, shall be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof. It shall be entitled in the court and cause, and in substance as follows: `I * * *, defendant in the above cause, hereby voluntarily waive and relinquish my right to a trial by jury, and elect to be tried by a Judge of the Court in which the said cause may be pending. I fully understand that under the laws of this state, I have a constitutional right to a trial by jury.'
 Such waiver of trial by jury must be made in open court after the defendant has been arraigned and has had an opportunity to consult with counsel. Such waiver may be withdrawn by the defendant at any time before the commencement of the trial.
In State v. Pless (1996), 74 Ohio St.3d 333, paragraph one of the syllabus, the supreme court stated:
 In a criminal case where the defendant elects to waive the right to trial by jury, R.C. 2945.05 mandates that the waiver must be in writing, signed by the defendant, filed in the criminal action and made part of the record thereof. Absent strict compliance with the requirements of R.C. 2945.05, a trial court lacks jurisdiction to try the defendant without a jury.
In State v. Spivey (1998), 81 Ohio St.3d 405, 408, the Supreme Court stated: The Criminal Rules and the Revised Code are satisfied by a written waiver, signed by the defendant, filed with the court, and made in open court, after arraignment and opportunity to consult with counsel. Accord State v. Jells
(1990), 53 Ohio St.3d 22, 26.
As to the requirement that the waiver be made "in open court," the court in State v. Walker (1993), 90 Ohio App.3d 352, 358, stated:
 There must occur, in open court, a colloquy between the trial judge and the defendant himself, extensive enough for the judge to make a reasonable determination that the defendant has been advised and is aware of the implications of voluntarily relinquishing a constitutional right. We do not take the statute to mean, as urged by appellant, that the written waiver must be actually signed in open court, as long as the signed writing has been made a part of the record and the waiver is reaffirmed in open court.
Accord State v. Morris (1982), 8 Ohio App.3d 12, 14 (noting that this court has held that a written waiver signed by the defendant prior to trial and followed by a one sentence inquiry by the trial judge is sufficient to insure defendant's rights)
In this case, the prosecuting attorney has demonstrated that on February 10, 1998, in open court, the trial judge reaffirmed defendant's written jury waiver. This assignment of error therefore lacks support in the record and is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Berea Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KARPINISKI J., CONCURS.
O'DONNELL, J., DISSENTS (SEEATTACHED DISSENTING OPINION)
 _____________________________ ANN DYKE PRESIDING JUDGE
[1] Where the facts and circumstances of a situation permit a police officer to reasonably conclude that a defendant was operating a motor vehicle while under the influence of alcohol shortly before the officer arrived on the scene, a warrantless arrest of the defendant is not prohibited by R.C. 2935.03. SeeOregon v. Sakovits (1972), 32 Ohio St.2d 271; Bucyrus v. Williams
(1988), 46 Ohio App.3d 43.
DISSENTING OPINION