OPINION
Following bench trial in the Tuscarawas County Common Pleas Court, appellant was convicted of driving while under the influence of alcohol (R.C. 4511.19(A)(1)), a fifth degree felony. He appeals, assigning two errors:
 ASSIGNMENTS OF ERROR ASSIGNMENT OF ERROR ONE THE TRIAL COURT ERRED AS A MATTER OF LAW AND CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE, IN FINDING THE DEFENDANT'S VEHICLE OPERABLE.
 ASSIGNMENT OF ERROR TWO THE TRIAL COURT ERRED AS A MATTER OF LAW IN FINDING THAT THE DEFENDANT OPERATED HIS VEHICLE WHILE UNDER THE INFLUENCE OF ALCOHOL.
On January 3, 1999, at approximately 6:00 p.m., Officer James Stuchin of the Dover Police Department encountered appellant's motor vehicle. The vehicle was stuck on a pile of ice and snow in the center of the street. Appellant was in the vehicle, attempting to free the vehicle from the ice and snow. The vehicle was going back and forth, moving approximately one foot. The officer could hear the engine revving. The headlights and parking lights were on. Appellee was seated in the driver's seat, with his hands on the steering wheel, attempting to turn the wheel to free the vehicle from the snow. The officer began to assist by pushing the vehicle. Efforts to dislodge the vehicle were unsuccessful.
After the attempts to free the vehicle were unsuccessful, the officer spoke to appellant while appellant remained in the vehicle. Appellant indicated that he had five beers within an hour and a half at a club. When appellant exited the vehicle, the officer noticed that appellant appeared to have urinated on himself. Appellant's pants were wet in the front crotch area. Appellant refused a blood alcohol test.
Appellant's step-son, Rocky Dusenberry, came to the police station to pick appellant up. Rocky was employed as a police officer for the City of New Philadelphia. According to his observation, appellant was "pretty intoxicated." He eventually testified at trial that there was no question that appellant was drunk, about as drunk as he had ever seen appellant.
At trial, appellant testified that he had not consumed any alcohol before getting stuck in the snow bank. He claimed that he got the vehicle stuck in the snow, and when he could not free the truck, he went to the Eagles Club and had five or six shots of straight whiskey. He testified that when he returned to the truck about an hour later, he could not find the keys. He testified that the police officer arrived as he was looking underneath the truck. He denied that the vehicle was running, that the keys were in the vehicle, and that the officer attempted to help push the vehicle free. Appellant further indicated that he had no idea how his pants got wet, but he had not urinated on himself.
Following bench trial, the court convicted appellant of DUI. Appellant stipulated to four prior convictions, making the conviction a felony. Appellant was sentenced to five years supervised community control.
 I
Although appellant couches this assignment of error in the context of whether the vehicle in question was "operable" within the meaning of the statute, the issue is, rather, one of credibility of witnesses. The accounts of what transpired are so vastly different as to suggest two different events.
On the one hand, appellant claims he was trying to cross the center of an intersecting road when his pickup truck became stuck in a pile of snow and ice; that he had not consumed any intoxicants prior thereto; that he left the vehicle to call for aid from a tavern where he consumed five or six drinks of straight whiskey; that he could not find his keys when he returned to the vehicle; that the police arrived as he was looking under the truck for his keys; that he did not urinate on himself, and had no idea how his pants got wet; and that the lights of the vehicle were on for approximately 90 minutes.
By contrast, the testimony presented by the State was that the officer observed the truck hung up in a pile of snow and ice; the vehicle was moving back and forth over a distance of approximately one foot; the engine was revving and the lights were on; appellant was in the driver's seat with his hands on the steering wheel; the efforts of the officer to help disengage the vehicle were to no avail; the officer spoke to appellant while he was still in the truck, at which time he admitted to consuming five beers within the hour and one-half; and when appellant exited the vehicle, the crotch area of his pants appeared to be wet, as if he had urinated on himself. Another police officer, appellant's step-son, testified that appellant was "pretty intoxicated," and "drunk, no question about."
The evidence of the State, if believed by the trier of fact, transcends any of the circumstances enumerated in the reported cases cited by appellant.
Issues of credibility are wisely left to the trial court, or a jury if one is in place. The fact finder has the advantage of observing the demeanor and conduct of the witnesses, their candor or their lack thereof, their gestures and voice inflections, and is able to use these observations in weighing the credibility of the testimony; we are confronted with a cold, written record. E.g. Myers v. Garson (1993), 66 Ohio St.3d 610, 615.
The first assignment of error is overruled.
 II
We overrule the second assignment of error upon the authority of State v. Reynolds (July 1, 1985), Ross Appellate No. 1128, unreported, and North Olmstead v. Patton (April 18, 1985), Cuyahoga Appellate No. 48946, unreported. When appellant was in the car with the motor running, shifting forward and in reverse, and moving the car slightly forward and backward in an effort to extricate the vehicle, he was operating the vehicle. State v.Mackie (March 27, 1998), Hamilton Appellate No. C-961145, unreported, is inapposite. There the court held that the automobile, which was stuck, was inoperable. See, also, Columbusv. Seabolt (1992), 79 Ohio App.3d 234. Here, the vehicle was not only capable of movement, but it was moving.
The second assignment of error is overruled.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Tuscarawas County Common Pleas Court is affirmed.
 ___________________________ MILLIGAN, V.J.
By Farmer, J., and Edwards, J., concur.