DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Bryan Municipal Court that denied appellant's motion to suppress the results of his blood alcohol test. For the reasons that follow, this court affirms the judgment of the trial court.
 {¶ 2} Appellant sets forth the following assignment of error:
 {¶ 3} "Assignment of Error I
 {¶ 4} "The trial court erred in denying the motion to suppress of Defendant/Appellant and finding that he was capable of `operating' a motor vehicle immobilized in approximately four (4) feet of water and that the BAC test was therefore administered within the two (2) hour limitation of Ohio Revised Code § 4511.19(D)."
 {¶ 5} At approximately 11:24 p.m. on February 3, 2001, the Williams County Sheriff's Department received a report of an accident on State Route 576. Deputy Leo York arrived on the scene at 11:34 p.m. and found appellant sitting in his truck which was partially submerged in four feet of water off the edge of the roadway. It is not disputed that appellant was sitting in the driver's seat and that the engine was running. After appellant was removed from his truck by the fire department, the truck was towed out of the water. The deputy conducted field sobriety tests at the scene, which appellant failed. Appellant consented to a breathalyzer test and registered a .146 percent blood alcohol level at 12:24 a.m. Appellant was charged with violating R.C.4511.19(A)(3), operating a motor vehicle with a prohibited breath alcohol concentration, and on April 9, 2002, he filed a motion to suppress evidence.
 {¶ 6} At the suppression hearing, the state called two bartenders who were working at the American Legion hall where appellant spent the evening prior to his accident. Both men testified that appellant consumed alcoholic beverages at the hall while watching the superbowl on the night of February 3, 2002. Neither of them recalled how many drinks appellant consumed or exactly what time he left. One of the bartenders stated that he thought appellant left shortly after the game ended, which he thought might have been around 10:30 p.m., and the other also said appellant left after the game ended and that it might have been approximately 11:00 p.m.
 {¶ 7} Deputy Leo York testified that when he arrived at the scene the truck was still running. He further testified that appellant claimed he had been sitting in his truck for at least an hour and one-half before the deputy arrived. Deputy York stated that based on the field sobriety tests he administered after appellant was removed from the truck, he placed him under arrest for driving under the influence of alcohol and took him to the Montpelier Police Department. The deputy testified that the breathalyzer test was administered at 12:24 a.m.
 {¶ 8} Following the evidentiary hearing, the trial court overruled the motion and appellant pled no contest to driving while under the influence of alcohol. It is from the denial of the motion to suppress that appellant appeals.
 {¶ 9} Appellant argues that the BAC test was not administered within two hours of the time he was operating his vehicle as required by R.C. 4511.19(D)(1). He asserts that he sat in his immobilized truck for an hour or hour and one-half before Deputy York arrived on the scene at 11:34 p.m., which would mean he did not operate the vehicle within two hours of taking the BAC test. Therefore, appellant asserts, the results of the test should have been suppressed.
 {¶ 10} R.C. 4511.19(A) provides in relevant part:
 {¶ 11} "(A) No person shall operate any vehicle * * * if any of the following apply:
 {¶ 12} "* * *
 {¶ 13} "(3) The person has a concentration of two-hundredths of one gram or more by weight of alcohol per two hundred ten liters of his breath;" [Emphasis added.]
 {¶ 14} R.C. 4511.19(D)(1) provides in relevant part that, in a prosecution for a violation of R.C. 4511.19(A)(3), the court may admit evidence on the concentration of alcohol in the defendant's breath at the time of the alleged violation as shown by chemical analysis of the breath within two hours of the time of the alleged violation.
 {¶ 15} The Supreme Court of Ohio first discussed the meaning of the word "operate" as used in R.C. 4511.19 in State v. Cleary (1986),22 Ohio St.3d 198, 1999, wherein the court recognized that operation of a motor vehicle implied "actual or potential movement of the vehicle." Some cases have addressed the issue of whether a defendant can operate a vehicle that is incapable of movement. In Columbus v. Seabolt (1992),79 Ohio App.3d 234, the court held that there was insufficient evidence to convict the defendant of operating a motor vehicle under the influence of alcohol under the Columbus City Code, which defined an operator as "every person who drives or is in actual physical control of a vehicle." Id. at 237. In Seabolt, a police officer found the defendant sitting behind the wheel of a truck with the key in the ignition and the motor running. The truck was totally immobile, however, as it was stuck in the mud with two tires blown out. The court found that even though the defendant was found intoxicated behind the wheel with the key in the ignition, she could not move the truck so as to cause a hazard to other persons on the highway and consequently had no actual physical control of the vehicle. Id. at 237-238. The court further found that the evidence was insufficient to prove beyond a reasonable doubt that the defendant drove the vehicle to its place of immobility while under the influence of alcohol.
 {¶ 16} The facts of the case before us are similar to those ofSeabolt, supra, in that appellant herein was found intoxicated behind the wheel of a vehicle with the engine running. The testimony in this case was undisputed that appellant's truck was immobilized in four feet of water. Clearly, and contrary to the findings of the trial court, appellant's truck was inoperable and appellant did not have "the ability to cause potential movement of the vehicle" at 11:34 p.m. This case differs from Seabolt, however, in that there is evidence that appellant drove his vehicle to the place of immobility while under the influence of alcohol. In fact, appellant does not dispute that he was driving the truck when it slid off the road and into the water.
 {¶ 17} We agree with the trial court's conclusion that the BAC test was administered within the two-hour time limit set out in4511.19(D)(1), but we arrive at our conclusion by way of different reasoning. The trial court found that the state had shown that appellant had the ability to cause potential movement of his vehicle at 11:34 p.m. when Deputy York arrived on the scene because appellant was in the driver's seat with the key in the ignition and the engine running. We disagree, however, with the trial court's conclusion that appellant last operated the truck at 11:34 p.m., which was the basis of its finding that the 12:24 a.m. BAC test was within the two hour limit.
 {¶ 18} The trial court's decision in this case was based primarily on two decisions of the Supreme Court of Ohio. The first case cited by the trial court is State v. McGlone (1991), 59 Ohio St.3d 122, which held that a person is operating a motor vehicle if he is sitting in the driver's seat with the key in the ignition and the motor running. The second case, State v. Gill (1994), 70 Ohio St.3d 150, held that a person sitting in the driver's seat with the key in the ignition is operating the vehicle within the meaning of R.C. 4511.19, whether or not the engine is running.
 {¶ 19} Appellant asserts that he sat in the water for an hour or more before Deputy York arrived, which would mean that appellant drove his truck off the road by 10:30 p.m. or earlier. If appellant drove off the road any earlier than 10:24 p.m., the BAC test results would not be admissible. Appellant also testified that he left the hall right after the superbowl ended, but as there was no evidence offered as to what time the game ended, that testimony is not helpful. Additionally, we note that the testimony of the bartenders as to when appellant left the hall was vague. We are faced, then, with appellant's assertion that he drove off the road early enough for the 12:24 a.m. BAC test to be invalid, and Deputy York's testimony that he arrived at the scene at 11:34 p.m. If appellant skidded off the road at 10:24 p.m. or later, the BAC test results would be admissible.
 {¶ 20} After a thorough review of the evidence before the trial court, we find that even if appellant left the hall as early as 10:30 p.m., as one of the bartenders testified, he would have been operating his truck within two hours of the time he took the BAC test. There was sufficient testimony from which the trial court could find that the BAC test was administered within the parameters of R.C. 4511.19(D)(1). Accordingly, the trial court did not err by denying appellant's motion to suppress the results of the BAC test, and appellant's sole assignment of error is not well-taken.
 {¶ 21} Upon consideration whereof, this court finds that appellant was not prejudiced and the judgment of the Bryan Municipal Court is affirmed. Costs of this appeal are assessed to appellant.
 JUDGMENT AFFIRMED.
Peter M. Handwork, P.J., Richard W. Knepper, J., and Mark L. Pietrykowski, J. CONCUR.