JUDGMENT ENTRY.
These consolidated appeals are considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Defendant-appellant Ryan G. Howard appeals from his convictions for operating a vehicle while under the influence of alcohol ("OVI"), in violation of former R.C. 4511.19(A)(1) and (A)(4), and for operating a vehicle without reasonable control, in violation of R.C. 4511.202. Howard's vehicle struck and became lodged atop an eight-inch-high concrete island at the Colerain Express gas station. The station was closed. At 1:38 a.m., a Cincinnati police officer spotted the vehicle. He observed that the vehicle's hood was warm and one axle was broken. The key was in the ignition and the dashboard lights were activated.
Howard was asleep inside the locked vehicle. It took the officer over a minute to awaken Howard by tapping on the window. Once awake, Howard attempted to start the vehicle. The officer detected an odor of alcohol. Howard's eyes were bloodshot and watery. Howard failed a field sobriety test. Because of Howard's poor performance on the test, he was arrested and taken to a police station where, at 2:44 a.m., he submitted to a breath test performed on an Intoxilyzer 5000 tester. Howard registered a concentration of .145 grams of alcohol per 210 liters of breath, an amount in excess of the legal limit.
In his first assignment of error, Howard contests the sufficiency of the evidence adduced to support the operating-a-motor-vehicle element of the OVI convictions. He claims that since his vehicle was grounded on the gas-station island with a broken axle, it was incapable of movement, thus precluding a conviction under R.C. 4511.19. See, e.g., State v. Mackie
(1998), 128 Ohio App.3d 167, 714 N.E.2d 405. The record, however, contains substantial, credible evidence from which the trial court, sitting as the trier of fact, could have concluded that the state had proved all elements of the charged crimes beyond a reasonable doubt, including that Howard had operated his vehicle while intoxicated. The arresting officer testified that while heavily damaged, the vehicle was still operable. Moreover, the officer's observation that the vehicle's hood was still warm and Howard's initial statement that he had damaged the vehicle by striking something while driving on the street both provided direct evidence from which a rational trier of fact could have concluded that Howard, while under the influence of alcohol, had driven the vehicle into the place where it had become immobile. See Columbus v.Seabolt (1992), 79 Ohio App.3d 234, 238, 490 N.E.2d 574. The assignment of error is overruled. See State v. Waddy (1991),63 Ohio St.3d 424, 588 N.E.2d 819, certiorari denied (1992), 506 U.S. 921,113 S.Ct. 338.
In his next assignment of error, Howard asserts that the trial court erred in overruling his motion to suppress the Intoxilyzer 5000 test results because the test was conducted more than two hours after the violation occurred. See R.C. 4511.19(D).
An appellate court reviewing a trial court's ruling on a motion to suppress must give great deference to the trial court's findings of historical fact. See State v. Mills (1992), 62 Ohio St.3d 357, 366,582 N.E.2d 972. It must review the trial court's findings of historical fact only for clear error, "giving due weight to inferences drawn from those facts" by the trial court. Ornelas v. United States (1996),517 U.S. 690, 699, 116 S.Ct. 1657. The reviewing court must then independently determine, as a matter of law, whether those facts meet the appropriate legal standard. See State v. Deters (1998),128 Ohio App.3d 329, 334, 714 N.E.2d 972.
As the credibility of the witnesses was primarily for the trial court, sitting as the trier of fact, to determine, see State v. DeHass (1967),10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus, it was within the trial court's prerogative to give little or no weight to Howard's claim that he had struck the island before 12:20 a.m. The trial court stated that it found the officer's testimony concerning the timing of the events to be "credible and believable." We hold that the record supports the trial court's findings of fact and that they were not clearly erroneous. The second assignment of error is overruled.
Despite his appeal from the trial court's entry of judgment convicting him of operating a vehicle without reasonable control, in violation of R.C. 4511.202, Howard has not raised any suggestion of error in regard to this charge. To receive consideration on appeal, trial errors must be raised by assignment of error and must be argued and supported by legal authority and citation to the record. See App.R. 12(A)(1)(b) and 16(A); see, also, State v. Perez, 1st Dist. Nos. C-040363, C-040364, and C-040365, 2005-Ohio-1326, at ¶ 21-23. In the absence of an assignment of error and written argument, this court has no authority to review that separate conviction.
Therefore, the judgments of the trial court are affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Gorman and Hendon, JJ.